## IN

# THE SUPREME COURT

## OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1884.

## Schall *versus* Cole.

1. A Master is bound to furnish his servant with such means and appliances as are suitable for doing the work in which he is employed, and reasonably necessary for the servant's safety. Such means, however, need not be the safest or newest that can be or have been devised. It is sufficient, if they are reasonably safe.

2. A servant assumes all such risks arising from his employment, as he knew, or, in the exercise of a reasonable degree of prudence, might have known were naturally and reasonably incident thereto, and he cannot recover against the Master for injuries arising from such patent risks. If, therefore, the machinery or appliances, which the Master furnishes him, contained obvious defects, of which the servant knew, or as a reasonably prudent man might have known, the servant cannot recover against the Master for injuries resulting therefrom.

3. Where a Master furnishes his servant with defective machinery and an accident occurs, which so suddenly and unexpectedly places the servant in a position of imminent peril as to allow him no sufficient time for reflection, and the servant in endeavoring to save the machinery commits an error of judgment, without which he would not have sustained injury:

*Held*, That such error of judgment would not charge the servant with contributory negligence or preclude his recovering against the Master, if the latter were in other respects liable for the injury sustained.

May 22, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *York county:* Of July Term, 1884, No. 66.

11 OUTERBRIDGE.—1.

[Schall *v*. Cole.]

This was an action on the case, by Charles T. Cole against Michael Schall, to recover damages, for injuries sustained by the plaintiff through the alleged negligence of the defendant in operating certain defective machinery without sufficient supervision.   Plea, not guilty.

On the trial, the following facts appeared : The plaintiff was employed at the time of the accident in operating a planing machine at the works of the defendant.   In the room in which he worked, the machinery was driven by a small engine without a boiler, stationed about twenty feet from the machine of which the plaintiff had charge.'   This engine was run by steam carried through an iron pipe from the boilers of a large engine in the main shop, about eighty-five feet distant.   It was connected with plaintiff's planing machine by belting running on an iron pulley wheel.   The defendant's foreman, in order to increase the velocity of the planing machine, attached, by bolts and screws, to this iron pulley wheel a wooden rim or lining of about an inch in thickness.   The testimony was conflicting as to the safety of this addition. The engine was examined twice a day, started in the morning and afternoon, and stopped at noon and in the evening, by the engineer who had charge of the large engine in another building, the men in the small shop starting and stopping it at other times.   On the day of the accident the governor-belt on the small engine ran off, increasing the speed of the machinery, whereupon Cole, whose attention was directed to the fact, crawled under a board, went to the place for stopping the planer for the purpose of saving the machine, shifted or threw the belt from the driving-wheel to a loose pulley, thus further increasing the speed of the machinery, after which the pulley running the planing-machine broke and a piece struck plaintiff and broke his leg.

The plaintiff submitted, inter alia, the following points:

2. That it was the primary duty of the defendant to provide good and safe machinery and appliances in his shops for the safety of his employes, and if the jury find that the running this small engine, unattended by any person to control it except the engineer, whose duty it was to also run the main engine situated in another shop eighty-five feet distant, and out of sight of said small engine, and running in connection with said small engine, a cast-iron pulley-wheel perforated with holes drilled through its rim, and enlarged by blocks of wood bolted to it, was not providing such good and safe machinery and appliances as he was bound to provide for the safety of the plaintiff and others in his employ, then he is liable to the plaintiff in this action, and it is the law whether the defendant in fact knew, or was informed of the fact, that

[Schall *v.* Cole.]

said engine was so run as aforesaid, or said pulley was in the condition aforesaid.

*Answer.*—The law is correctly stated in this point. Whether there was a want of due and reasonable care on the part of defendant, or his authorized agents, under the circumstances of this case, is a question of fact for the jury. (First assignment of error.)

4. If the jury believe from the evidence that, at the time of this accident to the plaintiff and for a considerable length of time before the occurrence of the same, there was in use, and could have been procured, an automatic stop-off, which would shut off the steam from a steam engine in case of the breaking or tearing of the governor-belt of said engine, it was the defendant's duty to know of the existence of said automatic stop-off; and his duty to provide good, safe and proper machinery and appliances for the ordinary safety and protection of the plaintiff, as his employee, required that he, the said defendant, should have had one of said automatic stop-offs on said little engine, and especially was this his duty when he was running said little engine without any person in immmediate charge and control of the same.

*Answer.* An employer is only bound to provide for the safety of his servant in the course of his employment, to the best of his judgment, information, and belief. It is not his duty to know of and provide every appliance known that adds to the safety and convenience of the use of the machinery provided, he is only held to due and reasonable care in such matters. The question, therefore, is not what the defendant might have had, but whether it was a want of ordinary care not to have an "automatic stop" on the small engine, under the circumstances of this case. And this is a fact for the jury. (Second assignment of error.)

The defendant submitted the following points:

2. If the plaintiff knew that the small engine without boilers was run by the engineer of the large engine, and without any person attending to said small engine other than the persons in the shop in which plaintiff was working, then the plaintiff is assumed to have undertaken to run the risk of said small engine being conducted in that manner, and the plaintiff is not entitled to recover in this suit.

*Answer.* The law is correctly stated in this point, if the jury believe from the evidence, that the plaintiff knew that the engine was run as described in the point, and also knew the *risk* of so running it. (Third assignment of error.)

4. That if the jury believe from the evidence that the defendant, or his foreman, Reuben Hildebrand, acted in good faith in enlarging the pulley which broke and a fragment of

which caused the accident, by adding thereto a coating of wood about one inch in thickness; that said coating of wood was applied with bolts and screws in a workmanlike manner, with a view of increasing the velocity of the planing machine and to prevent the strap from slipping, believing, according to the best of his judgment, that there was no danger in so doing, he was not guilty of any negligence by the enlargement of said pulley, and the plaintiff is not entitled to recover in this suit by reason of the accidental breaking of said pulley; especially is that the case if said pulley was increased in strength by the addition of said coating of wood.

*Answer.*—Affirmed, unless the jury believe that the breaking of the pulley was caused by some negligence in the management of the engine, for which defendant is found to be responsible.    (Fourth assignment of error.)

5. That plaintiff proved by his witness, Harry Zinn, that plaintiff, by shifting the strap from the pulley of the planing machine to the loose pulley thereby increased the velocity of the pulley above, which had been coated with wood; that by said act said plaintiff was guilty of contributory negligence, if the plaintiff's negligence contributed in any degree to the furthering of the injury complained of; that the plaintiff and his said witness, Zinn, both testified that if plaintiff had remained where he was feeding the planing machine with boards, and had not crossed over underneath the board on the planing machine at the time to the other side for the purpose of throwing the strap off the planing machine to the loose pulley, he would not have been struck by the fragment which caused the accident, neither could either plaintiff or said witness say he would have been injured at all if he, plaintiff, had not crossed over to throw said strap off; therefore, plaintiff has shown in this matter contributory negligence, and is not entitled to recover in this suit.

*Answer.*—Refused.    (Fifth assignment of error).

6. That if the jury believe from the evidence that the plaintiff conceived it to be his duty to attempt to save his machine from damage, and in so doing contributed to and caused the accident which happened, that his mistaken conception of duty in nowise relieved him from the consequences of his contributory negligence, and does not entitle him to recover from the defendent in this case, and, therefore, their verdict should be for the defendant.

*Answer.*—We cannot affirm this point.    If the plaintiff was placed in a position of peril by the accident which happened to the governor-belt of the engine, and the consequent "running away" of said engine, as it is called, and the jury believe this occurred because of a want of reasonable care on the part

of the defendant, he, the plaintiff, could not be held to the exercise of the soundest judgment under such circumstances of peril, and his right to recover could not be defeated by the fact set forth in the point, if otherwise entitled. (Sixth assignment of error).

The court charged the jury, inter alia, as follows:  When the plaintiff entered the service of the defendant he had a right to believe that the machinery furnished him to do the work allotted to him was not only suitable for that purpose, but that reasonable care had been taken by his employer to see that it was safe for the purposes for which it was to be used.  This, however, did not absolve the plaintiff from the duty of informing himself of any patent defect in either the construction of the machinery or in the manner of propelling or using it, and before you can find for the plaintiff you must be satisfied not only that the defendant was guilty of negligence, which, in this case, would be a want of due and reasonable care, in providing defective machinery and propelling it in a dangerous way, but you must be further satisfied that the defect was not sufficiently obvious to be noticed by plaintiff, and was not, in fact, observed by him.  If it was, and he failed to speak of it, and chose to continue in the service, he would be guilty of concurring negligence himself, and could not recover . . . . . [The defendant further takes the position that even assuming the pulley-wheel to be dangerous, and the methods employed to run the engine also hazardous, that the defect in the one was patent, and that the plaintiff was bound to observe it, and did observe it, and that he also knew the fact that no one was detailed whose special duty it was to watch the engine, and that he ought to have known the danger; and, knowing, and yet continuing in the service, he is guilty of concurring negligence and cannot recover.  And this is a correct statement of the law, if he knew, or as a prudent man ought to have known, not only the facts, but the risk resulting from those facts.  It is for you to determine the questions at issue in this conflict of evidence regarding the wheel and engine.] (Ninth assignment of error) . . . . . [It has been argued that defendant himself caused this accident by slipping the band from the tight to the loose pulley of his machine, and thus gave additional rein to the engine.  But we must not forget that he did this at a time when he was notified of what had happened, to wit, the breaking of the governor-belt of the engine, and when others were flying from the shop.  His position was one of peril, and he could not be held to the exercise of sound judgment at such a time.  Assuming it to be true that he might have escaped had he not paused to look after his machine, such an error of judgment at such a time ought not to prevent

a recovery, if he is otherwise entitled.] (Tenth assignment of error).

Verdict for plaintiff for $683 and judgment thereon. The defendant took this writ of error, assigning as error the answers to the points, as above, and the above portions of the charge enclosed in brackets.

*V. K. Keesey* and *Horace Keesey* for plaintiff in error cited: Baker *v.* Allegheny Val. R. R., 14 Nor., 215; Ryan *v.* Cum. Val. R. R., 11 Har., 384; Green and Coates St. P. R. W. Co. *v.* Bresmer, 1 Out., 106; Frazier *v.* P. R. R., 2 Wr., 104; Sykes *v.* Packer, 3 Out., 468; Whar. on Neg., sect. 214 and 217; Id., 206; Payne *v.* Reese, 4 Out., 301; Wonder *v.* B. and O. R. R., 32 Md., 411; Haskin *v.* R. R. Co., 65 Barb., 129; Harris *v.* Stouffer, 10 Bar., 363; City of Lancaster *v.* Kissinger, 11 W. N. C., 151.

*George B. Cole, W. C. Chapman* and *H. H. McClune* for defendant in error cited: Coombs *v.* Cordage Co., 102 Mass., 572; Penna. R. R. Co., *v.* Werner, 8 Norris, 59.

Mr. Justice STERRETT delivered the opinion of the court October 6, 1884.

In submitting the questions of fact upon which the plaintiff's right to recover depended, the learned judge so clearly and accurately defined the duties and obligations springing from the relation of the parties, that the jury could have no difficulty in properly applying the principles thus explained to the facts of the case as established by the evidence. The jury in arriving at their verdict, must have found that the injuries complained of by plaintiff below resulted from the want of reasonable and proper care on the part of defendant or his authorized agents; and that plaintiff himself was not chargeable with negligence contributing thereto. These controlling questions of fact, fairly raised by the testimony, were exclusively for the jury; and, inasmuch as the several propositions, in which they are presented by the respective parties, were answered by the court with substantial accuracy it is unnecessary to consider at length each of the specifications of error.

The question of contributory negligence depended not on an admitted state of facts, but upon the facts and circumstances of the case as they might be found by the jury; and hence it was exclusively for their determination. They were so instructed in answer to plaintiff's first point; and to that no exception has been taken.

The question of defendant's negligence depended mainly on the allegations of fact recited in plaintiff's second, third

[Schall *v.* Cole.]

and fourth propositions. The last of these was properly qualified by the learned judge in his answer thereto, and also in his general charge; the others were rightly affirmed. In the third proposition, the court was requested to charge: "If the jury find it was the duty of defendant to have placed a competent man in charge of the small engine . . . . . so as to have immediate control thereof in case of accident, and that the failure to place such person in charge of said engine was negligence on the part of defendant, it will then become.their further duty to find whether or not the injury to plaintiff was the natural and probable consequence of that negligence, and to ascertain by their verdict what was the proximate cause of the injury suffered by him." The most essential features of plaintiff's case are so fairly presented in this point that its unqualified affirmance is not even the subject of complaint.

There was no error in so qualifying defendant's second proposition as to require the jury to find the additional fact that plaintiff knew the engine was run as therein stated, and that he was also aware of the risk of so running it; nor was there any error in similarly qualifying defendant's position as complained of in the ninth specification. Plaintiff had a right to assume that such precautions, as were reasonably necessary for the safety of himself and his fellow employees, were taken by their employer; and, unless he knew, or as a prudent man should have known, not only the circumstances connected with the running of the small engine, but also the risk likely to result therefrom, he could not be precluded from claiming damages, if otherwise entitled to recover.

Defendant's fourth point was properly qualified by the court; and his fifth to eighth propositions, inclusive, were rightly refused. The circumstances recited in the fifth, sixth and seventh propositions were not such as to justify the binding instructions therein requested. The testimony tended to show that plaintiff unexpectedly found himself in a position of peril, caused by the breaking of the governor belt and the consequent "running away" of the engine. If the jury found, as they doubtless did, that such was the case, and that it resulted not from any default of the plaintiff himself, but from the negligence of defendant, it would have been most unreasonable to hold plaintiff to the exercise of such deliberate judgment as should have controlled his action under other circumstances. That his position was one of imminent danger, in which there was no time for reflection, is clearly shown by the fact that other employees were fleeing therefrom while he was endeavoring to prevent the destruction of his employer's machinery. As was well said by the learned judge in that part of his charge complained of in the ninth specification,

[Schum *v.* Pennsylvania R. R. Co.]

"assuming it to be true that he might have escaped had he not paused to look after his machine, such an error of judgment, at such a time, ought not to prevent a recovery."

It is not entirely clear that the court was right in refusing to permit the witness to answer the question referred to in the eleventh specification; but defendant was not prejudiced thereby. The witness had previously testified that he himself was running engines in the same manner that plaintiff's engine was operated at the time of the accident, and he did not consider it dangerous to do so. He had even testified that "it is not carelessness to run an engine in that way." His answer to the question propounded could not have been more favorable to the defendant than this. At best it would have been substantially a repetition of the opinion he had already expressed. The defendant had the full benefit of that, and hence he could not have been prejudiced by the action of the court. The question complained of in the twelfth specification was entirely proper. Being familiar with the position of the engines and the manner in which they were operated, the witness was asked to "state whether or not it was safe or otherwise—safe or dangerous—to run the small engine without any person to attend to it," and if dangerous, to "describe the kind of danger." The object of the question was to elicit facts clearly proper for the consideration of the jury in determining whether or not the defendant was justly chargeable with negligence. The question was not improper in form, nor was the testimony sought to be elicited irrelevant.

The case appears to have been carefully tried, and we find nothing in either of the specifications of error that calls for a reversal of the judgment.

Judgment affirmed.