# CASES

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1927.

Ed Cash, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

## Gen. No. 8,018.

1. MASTER AND SERVANT—*effect of Federal Employers' Liability Act.* The Federal Employers' Liability Act supersedes all laws of this State on the liability of railways for injuries to employees engaged in work for them in their interstate commerce.

2. MASTER AND SERVANT—*assumption of risk under Federal Employers' Liability Act.* Under the Federal Employers' Liability Act, a railway company is exempted from liability for an injury sustained by its employee while engaged in its interstate commerce if the servant continues in his work after knowledge of obvious danger, thus showing a willingness to assume the risk.

3. MASTER AND SERVANT—*assumption of risk as affected by promise to furnish proper tools.* Under the Federal Employers' Liability Act, if a railway track repair man, suing for injuries incurred, shows that he relied upon the promise of his foreman that a new track chisel would be supplied, he negatives the inference that he willingly assumed the risk of working with fellow employees with an old and defective chisel.

4. MASTER AND SERVANT—*duty to keep tools in repair.* Under the Federal Employers' Liability Act a railway owes to its servant the duty of supplying proper tools and appliances for his work in its interstate commerce and also to keep them in such repair as to make them reasonably safe to use.

5. MASTER AND SERVANT—*when assumed risk question for jury.* Under the Federal Employers' Liability Act, whether a railway track repair man suing for injuries incurred by continuing his work with one using a defective track chisel which, upon his objection, his foreman

1

had assured him would be replaced with a new one, assumed a risk
so manifest that a person of ordinary prudence would not have done
so, and whether such risk was imminent, are questions for the jury.

6. HARMLESS AND PREJUDICIAL ERROR—*remarks not heard by jury
harmless.* Remarks of the trial judge made in the presence of the jury
are not prejudicial where it does not appear that they were heard.

7. HARMLESS AND PREJUDICIAL ERROR—*when remarks of judge harm-
less.* Remarks of trial judge held not prejudicial even if heard by jury.

Appeal by defendant from the Circuit Court of Montgomery county;
the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court
at the October term, 1926. Affirmed. Opinion filed February 28, 1927.
Rehearing denied April 12, 1927.

GEO. B. GILLESPIE, for appellant; HILL & BULLING-
TON, HUGH J. DOBBS and LOUIS F. GILLESPIE, of counsel.

J. E. MAJOR and JOE MAJOR, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the
court.

In this case an appeal is prosecuted from a judg-
ment for $4,000, rendered in the circuit court of Mont-
gomery county against the appellant, The Cleveland,
Cincinnati, Chicago & St. Louis Railway Company, in
favor of the appellee, Ed. Cash, who was injured while
in the employ of the appellant, and working under the
provisions of the Federal Employers' Liability Act,
Cahill's St. ch. 114, ¶ 321 *et seq.* The appellee bases
his right to recover damages upon the alleged failure
of appellant to furnish proper tools for doing the
work in which he was engaged. It is charged in the
declaration that the appellant negligently furnished
the appellee and those employed with him with chisels,
for doing the work, which were old, battered and im-
proper for the work to be done; that the appellee on
the day of his injury requested the appellant's fore-
man to furnish new and proper chisels for such work;
that upon being assured by the foreman that new and
proper chisels would be promptly furnished, and rely-

ing upon such promise, the appellee continued in the employment; that while working under the promise aforesaid, and when the chisel was being struck by a maul in the hands of a servant of the appellant, a piece of iron or steel was dislodged from the chisel and struck the appellee in the left eye; and that as a result thereof sight of appellee's eye was entirely destroyed. In another count of the declaration it is alleged that the other servants of the appellant so negligently and improperly handled the chisel with which they were engaged in cutting a rail, without knowledge on the appellee's part of the negligent and improper manner in which this work was being done, and while the appellee was assisting in the performance of the work, that a piece of metal flew off as the result of such negligence and struck the appellee in the left eye.

Concerning the character and condition of the chisel in question, the appellee testified that "the head of the chisel was pitted until there was spall hanging from the head of the chisel by being hammered so much with the steel maul.   *   *   *   The chisel before used would be about an inch and a quarter across the head, and after it was used and hammered, of course the top of the chisel would spread and widen out." He also testified that all the chisels which were furnished for the work were in practically the same condition, and that "they were all beaten upon the head and there was spall hanging all over them where they had spread by being beaten by the steel maul.  They were, anyhow, two inches across the top.  They were all mushroomed around and pitted upon the head, with spalls hanging all over them.  By spall, I mean bits of the chisel that had been beaten so long they were ready to fall off."  Appellee also testified that on the morning when he and the other employees were going to work and the tools were loaded on the work car, he called the foreman's attention to the condition of the tools, by saying "it is an awful bunch of tools to go

4        Appellate Courts of Illinois.

Cash v. Cleveland, C., C. & St. L. Ry. Co., 244 Ill. App. 1.

out to work with." But the foreman said: "Go ahead with them; we are going to get new ones." The appellee is corroborated by other employees of the appellant concerning the condition of the chisels, and the promise of the foreman to replace them by new ones. One of the employees, Adam Zenich, testified that he was working with the appellee at the time of the injury and heard what the appellee said about the tools not being much good, and that the foreman promised to get some new tools. Ben Latimore, another employee, who was working with Cash at the time of the injury, testified concerning this matter as follows: "There was somebody spoke something about the tools being pretty well worn. Seegar (the foreman) said we will have to use them, that is the best we got at present. He said 'we got new ones ordered.' " At the time of the appellee's injury, appellant's employees were engaged in the work of cutting a railroad rail somewhere near the center of the rail, with one of the chisels referred to and a maul. The process of cutting the rail was worked by two other employees; and according to the testimony it appears that at the time of the injury Cash had a lining bar across the rail they were cutting so that the workmen could break the rail where they got it marked to cut. A workman by the name of Hart was holding the chisel. Vic, an old gentleman, had hold of the maul. Vic was striking the chisel with the maul and Cash fell over against the other rail. The appellee testified that "the man holding the maul was hammering the chisel. A piece of steel flew from the chisel and hit me in the left eye, at the time the lick was struck." It is contended by the appellant that, under the facts disclosed by the record, the appellee by continuing in the appellant's employment after he had knowledge of the defective condition of the tools assumed the risk of the injury which he suffered, and therefore has no right to recover. The general rule on the subject of the knowledge of defects

in tools is correctly stated in 39 C. J. p. 759: "Mere knowledge of defects in machinery, tools, appliances, and instrumentalities for work is not sufficient to charge the servant with assumption of risk, but it is further necessary that he should know of and appreciate the dangers incident to the work under the existing conditions." However, "by the enactment of the Federal Employers' Liability act Congress has occupied the field covering the employers' liability for injuries to employees in interstate transportation by rail and has thereby superseded all law of this State on that subject." *Brundege v. Chicago, B. & Q. R. Co.,* 324 Ill. 74; *Staley v. Illinois Cent. R. Co.,* 268 Ill. 356.

The rule, where recovery is sought under the Federal Employers' Liability Act, and the risk is obvious to the employee, is definitely stated in the case of *Seabord Air Line Ry. v. Horton,* 239 U. S. 595: "The master is exempted from liability in the case of obvious risks for the reason that the servant, by continuing in the employment with knowledge of the danger, evinces a willingness to incur the risk, and upon the principle 'volenti non fit injuria.' But when the servant shows that he relied upon a promise made to him to remedy the defect, he negatives the inference of willingness to incur the risk." And in the case of *New York, N. H. & H. R. Co. v. Vizvari,* 210 Fed. 118, which was a case under the Federal Statute, where an employee received an injury to his eye from a piece of steel which flew from the head of a chisel, as in this case, the court defines the duty of the master in reference to furnishing safe and proper tools to work with as follows: "A master is in default as respects his servant unless the appliances furnished are such as would commend themselves to a reasonably prudent man. His duty is to furnish such instrumentalities as are reasonably safe and suitable. * * * 'Its duty in that respect to its employes is discharged when, but only when, its agents whose business it is to supply

such instrumentalities exercise due care as well in their purchase originally, as in keeping and maintaining them in such condition as to be reasonably and .adequately safe for use by employes.' '' And concerning the assumption of risk, the court says: "And so in .reference to assumption of risk, where an employe has knowledge of a defect or danger and calls, as in this case, the attention of the employer or his representative to it, * * * the question should go to the jury to say whether the danger was so manifest that a person of ordinary prudence and caution would have incurred it and also whether the risk was imminent.'' .To the same effect are *Seaboard Air Line R. Co. v. Lorick,* 243 U. S. 572; *Texas & P. Ry. Co. v. Archibald,* 170 U. S. 665; *Burke v. Union Coal & Coke Co.,* 157 Fed. 178; *Union Pac. R. Co. v.. Marone,* 246 Fed. 916; *New York Cent. R. Co. v. White,* 243 U. S. 188; *Lehigh Valley R. Co. v. Skoczyla,* 278 Fed. 378; *Washington Terminal Co. v. Sampson,* 289 Fed. 577.

Error is assigned because it is contended that the court in the presence and hearing of the jury in ruling the appellant's motion to direct a verdict made the following statement: "The main question for decision is, does the rule of assumed risk apply in this case? I think if the promise was made to furnish a new tool, it takes it out from under the rule of assumed risk; and I think the fact has been established that the prom-.ise was made—I should not have said established, I should have said, I think there is some evidence tending to establish that fact—and it is a proper question for the jury.'' We deem it sufficient to say with reference to this contention of the appellant that while the record shows that the jury were in the body of the court room, it does not appear that the remarks of the court were within their hearing, but even if the jury heard the statement of the court, it is not apparent that the rights of the appellant were prejudiced thereby. We find no reversible error in the instructions

given to the jury for the appellee. They were sub-
stantially correct statements of the law as defined in
the authorities cited; nor do we find any error in the
refusal of the instructions which the appellant re-
quested in addition to those given by the court.

The record does not disclose any reversible error,
and judgment is therefore affirmed.

*Affirmed.*