## ALBRIGHT v. PENNSYLVANIA R. CO.

### No. 3469.

District Court, M. D. Pennsylvania.

Sept. 29, 1936.

Walter H. Compton, Homer L. Kreider, and George V. Hoover, all of Harrisburg, Pa., for plaintiff.

Nauman, Smith & Hurlock (by Spencer G. Nauman), of Harrisburg, Pa., for defendant.

JOHNSON, District Judge.

This is an action of trespass to recover damages for personal injuries sustained by the plaintiff, David C. Albright, based upon the Federal Employers' Liability Act (45 U.S.C.A. §§ 51–59). The case was submitted to a jury, and a verdict was rendered for the plaintiff in the sum of $2,000. The defendant has moved for a new trial, assigning a number of reasons therefor.

The plaintiff, Albright, was in the employ of the defendant company since October, 1918, first as a helper and later as a boiler maker. During his employment he made repairs to locomotives and locomotive boilers. On January 27, 1932, he was assigned by his foreman to work on engine No. 3670 and directed to hurry the work because the engine was required to move train No. 36. He advised the foreman that the job was dangerous and that he would like a helper, but the foreman refused to supply a helper and directed him to proceed with the work. While working in the firebox he was overcome by the heat and gases, staggered out of the firebox, and fell unconscious on the deck plate of the engine; he subsequently revived and reported to the office, whereupon a successor completed the job. The evidence showed that on account of this accident the plaintiff contracted chronic bronchitis, which constitutes a permanent injury.

At the trial the plaintiff contended that the defendant was negligent in not furnishing the plaintiff with a helper and in ordering the plaintiff to clean the firebox of the locomotive, hot and filled with gases, without a helper. The defendant contends that there was no negligence on the part of the defendant, and that the plaintiff was guilty of contributory negligence and assumed the risks of the employment. Under the evidence these three questions were questions of fact for the jury and not of law for the court.

First, as to the defendant's negligence in not furnishing the plaintiff with a helper: Under these circumstances—a heated boiler filled with gases, the request of the plaintiff for a helper, the refusal of the foreman to furnish a helper, and his order to the plaintiff to proceed alone—the

negligence of the defendant was a question of fact for the jury. Schall v. Cole, 107 Pa. 1; Trainor v. Philadelphia & Reading R. Co., 137 Pa. 148, 20 A. 632; Weaver v. Iselin, 161 Pa. 386, 29 A. 49. There was evidence that a helper would have assisted and relieved the plaintiff while working in the hot firebox so that the firebox could have been repaired by the plaintiff without injury to him.

 Secondly, as to the contributory negligence of the plaintiff, that he should have been more careful in cleaning the firebox by coming out of the box intermittently: The court can only declare the plaintiff guilty of contributory negligence in clear cases; this is not such a case. Whether the plaintiff was guilty of contributory negligence under the circumstances was a question of fact for the jury and not for the court. Slentz v. Western Bank Note & Engraving Company, 180 F. 389 (C.C.A.3); Washington & Georgetown R. Co. v. Harmon's Adm'r, 147 U.S. 571, 13 S.Ct. 557, 37 L.Ed. 284.

 Thirdly, as to the assumption of the risk by the plaintiff: The defendant contends that the plaintiff understood the danger of entering the boiler, and therefore assumed the risk. This might be true if the plaintiff had not complained to his foreman of the danger, requested a helper, and was ordered by his foreman to proceed hurriedly without a helper. Where the employer orders his employee to assume a risk and the employee follows such order, the employer cannot set up the defense of assumption of risk. Steele v. Erie R. Co., 54 F.(2d) 690 (C.C.A.2); New York, N. H. & H. R. Co. v. Vizvari, 210 F. 118, L.R.A.1915C, 9 (CC.A.2).

The defendant relies on Hallstein v. Pennsylvania R. Co., 30 F.(2d) 594, 596 (C.C.A.6), where it is said that the Vizvari Case, supra, and Lehigh Valley R. Co. v. Skoczyla, 278 F. 378 (C.C.A.3), "can be supported only upon the assumption that the express direction to continue with the work was an assurance of safety in so doing, or that the risk was not fully known and appreciated by the employee. Here the danger was fully known and appreciated by the employee, and there was no assurance of safety." This statement appears erroneous. In Lehigh Valley R. Co. v. Skoczyla, supra, the plaintiff knew the facts and objected to working under the circumstances; the defendant's foreman made an examination, and making no promise of reparation or substitution, ordered the plaintiff back to his work where he was injured. Likewise, in the Vizvari Case, supra, the defendant's foreman, without promising to repair the defective condition, abruptly ordered the employee back to his work, where later he was injured. In both the Vizvari and the Skoczyla Cases, the defense of assumption of the risk was not successful, in both cases the express direction to continue was not an assurance of safety, and in both cases the risk was fully known and appreciated by the employee. The better rule is that it is a question for the jury whether the plaintiff voluntarily assumed the risks incident to his making the repairs upon the order of the foreman, or, on the other hand, whether the danger from doing the work without a helper was so imminent that no man of ordinary prudence would undertake it. Lehigh Valley R. Co. v. Skoczyla, 278 F. 378 (C.C.A.3).

The negligence of the defendant, the contributory negligence and the assumption of the risk of the plaintiff, were questions of fact for the jury which were submitted to them by a full and fair charge. Their verdict was warranted by the evidence and should not now be disturbed.