**PENNSYLVANIA R. CO. v. ALBRIGHT.**[*]

No. 6316

Circuit Court of Appeals, Third Circuit.

July 9, 1937.

Spencer G. Nauman and Wilhelm E. Shissler, both of Harrisburg, Pa., for appellant.

[*]Rehearing granted Sept. 21, 1937.

Homer L. Kreider, George Hoover, and Walter H. Compton, all of Harrisburg, Pa., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

The appellee, David C. Albright. sued Pennsylvania Railroad Company, pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59, in an action to recover damages for personal injuries sustained by him while repairing a locomotive at the Harrisburg Shops of the appellant. The suit was tried to a jury and a verdict was rendered in the appellee's favor in the sum of $2,000.

Briefly, the facts of the case are as follows: The appellee had been employed by the railroad company for a number of years as a boiler maker. As part of his duties, he was called upon from time to time to make repairs to locomotive boilers and was an experienced man at this work. At an hour close to midnight on January 26, 1932, the appellee was directed to repair engine No. 3670 which had arrived forty-five minutes late upon a passenger run from Manhattan Transfer to Harrisburg and which was needed shortly for another passenger run. Exactly what was wrong with this engine does not appear from the testimony, but to effect the repairs it was necessary for the appellee to climb inside the firebox and remove certain brick. These brick were red hot and the firebox was full of gas.

The appellee, having made an inspection of the engine, came back to his foreman and stated that the task assigned to him was "a bad job, a dangerous job," and that he wished for a helper. The foreman refused the helper, stating, according to the appellee's testimony, "You will get nobody to help you, we want that engine for '36', get it out." The appellee therefore proceeded with the job alone, stayed in the firebox for some minutes, perhaps as long as half an hour, was almost overcome by gas, staggered out on the deck plate of the locomotive, and there collapsed. He apparently lay upon the deck place for some time and contracted chronic bronchitis. For this injury, the jury has undertaken to compensate him to the extent indicated.

The statement of claim charges the appellant with two acts of negligence, (a) in failing to provide a helper to assist the appellee in the performance of a dangerous

task, and (b) in requiring the appellee to enter the firebox when it was in such condition as to be dangerous to him. The appellant contends that it was not negligent in any particular. There was a duty upon the appellant to provide the appellee with a reasonably safe place in which to work and with such appliances and aids as reasonably would enable him to work in safety. Whether or not the appellant was guilty of negligence properly was held by the trial court to be a question of fact for the jury. Schall v. Cole, 107 Pa. 1; Trainor v. Philadelphia & Reading Railroad Co., 137 Pa. 148, 20 A. 632; Weaver v. Iselin, 161 Pa. 386, 29 A. 49.

■ The appellant makes the further contention, however, that the appellee was an experienced boiler maker, familiar with the hazards of his occupation, and, as such, assumed the risk thereof. If this contention be correct, the trial court should have directed a verdict in favor of the appellant. To support this view, the appellant relies upon the case of Hallstein v. Pennsylvania Railroad Company (C.C.A.) 30 F.(2d) 594. In this case an employee of a railroad company was working near the top of a bucket conveyor tower, approximately 70 feet in the air in the course of repairing a bridge. The employee first refused to work in this position of danger unless a safety belt was given to him. He did work there, however, and fell backward, against the structure of the tower, though not off it, injuring himself severely. The court held that the danger was clearly apparent, that the employee assumed it, and that a verdict was properly directed in favor of the employer company. In the case of Lehigh Valley R. Co. v. Skoczyla, 278 F. 378, this court held the rule to be otherwise. In the Skoczyla Case, Kulish, the employee who was killed, was ordered to work upon a railroad bridge with a wrench that was plainly defective. Kulish protested his having to use a defective wrench. His foreman examined it, and, making him no promise of reparation or substitution, ordered him back to work. Thereafter Kulish fell from the bridge and was killed. The judgment of the court below allowing recovery to Kulish's administrator was affirmed.

The Skoczyla Case in our opinion governs the case at bar. The defective and dangerous wrench with which the employee worked after protest in that case seems to us substantially the equivalent of the dangerous and defective firebox in which the appellee worked after protest in the case at bar. We hold that the question of whether or not the appellee assumed the risk of entering the firebox, without a helper, is properly a question to be left to the jury for its determination from all the circumstances of the case.

We should go further, however, and say that in our opinion a valid and far-reaching distinction can be drawn between the facts of Hallstein v. Pennsylvania Railroad Company, supra, and the facts of the case at bar. It is notable that in the Hallstein Case the danger to the employee was open and apparent to all concerned. The employee knew that if he fell he would be injured. In the case at bar, the firebox contained gas to which the appellee succumbed. "I got gas," the appellee testified, "felt I was going." We think that it is apparent that neither the appellee nor his foreman knew or could have known the extent of the danger through gas that lay in wait for the appellee within the locomotive's firebox until that danger had been tested by the actual presence of the appellee within the box. The danger in the case at bar was not entirely apparent and was not determinable until after it had been incurred. Under all the circumstances, we think that the Hallstein Case may be distinguished from the case at bar.

The other and remaining question raised by the appellant has to do with the sufficiency of the charge of the trial court to the jury. The appellant contends that the language of the trial court in its instructions to the jury as to the duty of the employer to the employee to furnish a helper under the circumstances and as to the nature of the doctrine of assumption of risk was misleading and prejudicial. On the contrary, we think that the charge of the court to the jury was clear and correct and that the learned judge put into simple language readily understandable by the jury the technical and complicated doctrines of negligence and assumption of risk. His charge was clearly within the principles enunciated by the decision of this court in Lehigh Valley Railroad Co. v. Skoczyla, supra.

Accordingly, the judgment of the court below is in all respects affirmed.