## PRYOR ET AL., RECEIVERS OF THE WABASH RAILROAD COMPANY, *v.* WILLIAMS.

### CERTIORARI TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 26.  Argued October 8, 1920.—Decided November 8, 1920.

Assumption of risk·is a bar to the action, in a case governed by the Federal Employers' Liability Act, and does not, like contributory negligence, operate merely in reduction of damages.  P. 45.

In an action governed by the Federal Act, where the injuries resulted from plaintiff's being furnished, and using, an obviously defective claw bar for drawing bolts, the Supreme Court of Missouri, applying a local construction of the common law, decided that, as the risk was attributable to his master's negligence, the plaintiff did not assume it, but was guilty of contributory negligence, which went only to the damages under the Federal Act.  *Held*, erroneous under repeated decisions of this court defining the nature and effect of assumption of risk and adjudging that the Act prevails over state law.  *Id.*

272 Missouri, 613, reversed.

THE case is stated in the opinion.

*Mr. Frederic D. McKenney,* with whom *Mr. James L. Minnis* and *Mr. N. S. Brown* were on the brief, for petitioners.

*Mr. Roy W. Rucker* for respondent.

MR. JUSTICE McKENNA delivered the opinion of the court.

Action for personal injuries based on Employers' Liability Act.  Negligence is charged against petitioners as Receivers of the Wabash Railroad Company.

Respondent Williams, plaintiff in the action, was engaged in tearing down a bridge on the line of the railroad,

and a defect in a claw bar, which he was directed to use, caused the bar to slip while he was attempting to draw a bolt; in consequence, he lost his balance and fell to the ground, a distance of twelve feet. The defect, it is alleged, Williams did not know.

Negligence, however, was charged against him, and assumption of risk and contributory negligence.

He recovered a verdict in the sum of $5,000. Motions for new trial and arrest of judgment were denied, and the case was appealed to the Kansas City Court of Appeals.

The facts, as recited by the court, are that Williams was twenty-one years old, and had been reared on a farm. He entered the service of the railroad as a common laborer in August, 1915, and worked for it until his injury in November of that year, his work being that of "helping build steel bridges and taking down old ones." He was ordered by the foreman in charge of the work to use a claw bar which was defective, in that the claws "had become so rounded and dulled by long usage that they could not be made to grip the shank securely, and slipped from their hold when plaintiff [Williams] pressed downward on the handle, causing him to lose his balance and fall from the cap to the ground."

The plaintiff stated that to discover the defect required an inspection of the underside of the tool, and that, in obeying the order of the foreman, he did not pause to make such inspection, but used the tool without any but casual inspection of its top surface, which did not reveal the defect.

The railroad was engaged in interstate commerce and the cause of action, under the case as made, fell within the purview of the Federal Employers' Liability Act.

The conclusion of the court was that "The defect in the clawbar was so obvious that the most cursory and superficial inspection would have disclosed it to the plaintiff." And further, "The risk was just as obvious as the

defect. This was a simple tool which, in the course of use,. would be expected to fall into such defective condition, and plaintiff must be held to have appreciated the danger and to have voluntarily assumed it "

The court reversed the judgment. It denied a motion for rehearing, but considered and adjudged "that on account of one of the Judges deeming the decision to be in conflict with *Fish* v. *Railway*, 236 Missouri, 106, 123, it is without jurisdiction, and therefore orders said cause certified to the Supreme Court for its determination."

The Supreme Court, upon considering *Fish* v. *Railway* and other cases, decided that "it was the duty of the master to furnish the servant a reasonably safe clawbar with which to do the work. The failure to furnish that character of a clawbar was negligence upon the part of the master. If the defects were so glaring, and the clawbar so patently defective that an ordinary prudent servant would not have used it, then its use under such circumstances was negligence upon the part of the servant, which negligence under the rule in Missouri would bar him from a recovery. But not so under the Federal statute." In other words, the court held that Williams' assumption of the risk did not have the consequence assigned to it by the Kansas City Court of Appeals, but, if it existed, amounted in legal effect only to contributory negligence, and that such negligence under the federal statute worked a reduction of damages and not a defeat of the action, and applying these elements of decision, adjudged that the "case was well tried by the court *nisi,* and its judg- ment should be affirmed." It was so ordered.

In its view of the federal statute and the defence under it, the court erred. *Seaboard Air Line Railway* v. *Horton,* 223 U. S. 492; *Jacobs* v. *Southern Ry. Co.,* 241 U. S. 229; . *Chesapeake & Ohio Ry. Co.* v. *De Atley,* 241 U. S. 310; *Erie R. R. Co.* v. *Purucker,* 244 U. S. 320; *Boldt* v. *Pennsylvania R. R. Co.,* 245 U. S. 441.

And the requirement of the act prevails over any state law. *Seaboard Air Line Railway* v. *Horton, supra; Atchison, Topeka & Santa Fe Ry. Co.* v. *Harold,* 241 U. S. 371; *New York Central R. R. Co.* v. *Winfield,* 244 U. S. 147; *New Orleans & Northeastern R. R. Co.* v. *Harris,* 247 U. S. 367.

Counsel for respondent, however, insists that the views of the Supreme Court upon the ruling of the assumption of risk is "of purely academic interest and of no practical importance" in the consideration of the legality of the verdict and judgment in the trial court. That court, it is said, submitted the fact to the jury and also submitted the relative contribution of Williams' negligence and the negligence of defendants to his injury. But this is an underestimate of the action of the trial court. The court was requested to instruct the jury that the effect of the assumption of risk by Williams incident to the use of the claw bar, and the circumstances under which it was used, was to relieve defendants from liability "for the injury resulting therefrom." The court refused the instruction as it was requested and amended it by adding thereto "and such fact [the assumption of risk] will be considered by you in determining the amount of plaintiff's recovery, if any, under all of the instructions."

The refusal and modification were assigned as error and the Supreme Court considered and decided, as we have seen, that the fact was of no determining importance and, if it existed, only constituted contributory negligence and could operate only in reduction of the amount of recovery, not defeat recovery. This was error as we have seen.

*Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.*