# GULF & S. I. R. Co. v. HALES.*

(Division B.    June 8, 1925.    Suggestion of Error Overruled Sept.
21, 1925.)

[105 So. 458.    No. 25000.]

1. COMMERCE.  *Federal act, with doctrine of assumption of risks, applies to injury of employee in interstate commerce.*

   Employer being engaged in interstate commerce, and employee likewise employed at time of his injury, federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665), and with it the doctrine of assumption of risks, applies to action for injuries.

2. APPEAL AND ERROR.  *Against motion to direct verdict, facts of which there is evidence by reasonable inference treated as proven.*

   In determining propriety of refusal to direct verdict for defendant, the evidence must be treated as proving every material fact of plaintiff's case which it proves directly or by reasonable inference.

3. MASTER AND SERVANT.  *Employee in interstate commerce held to have assumed risk of unsafety of place and insufficient help.*

   Employee in interstate commerce, injured in descending ladder from tank which he was repairing, *held* to have assumed the risk resulting from any failure to furnish a sufficient number of helpers and a safe place to work, he knowing he was to have but one helper, and the character of the place, including the uneven ground and the short ladder, the cause of any unsafety.

4. MASTER AND SERVANT.  *No negligence of co-worker of employee in interstate commerce shown.*

   Evidence in action by employee in interstate commerce, injured while repairing tank from the rocking of ladder when he was descending, *held* to show no actionable negligence of his co-worker in changing location of ladder from where plaintiff had previously used it to a place more uneven.   ;

ON SUGGESTION OF ERROR.

5. JURY.  *Seventh Amendment inapplicable to state courts, and not preventing final judgment there contrary to verdict.*

   Const. U. S. 7th Amend., preserving right of trial by jury, does not control state courts even in case arising under federal statute,

and so does not prevent state court on appeal rendering final judgment contrary to verdict, where trial court should have directed verdict.

---

*Headnotes 1.  Commerce, 12 C. J., Section 52; Master and Servant, 26 Cyc., p. 1180; 2. Appeal and Error, 4 C. J., Section 2709; 3. Master and Servant, 26 Cyc., p. 1180; 4. Master and Servant, 26 Cyc., p. 1454; 5. Juries, 35 C. J., Section 20.

APPEAL from circuit court of Simpson county.
HON. W. L. CRANFORD, Judge.
Action by E. B. Hales against the Gulf & Ship Island Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*T. J. Wills,* for appellant.

To the charge of negligence in failing to furnish a safe place in which to work, in that the ground was uneven around the tank so that because of its unevenness the ladder rocked or tilted as plaintiff was coming down it, the defendant filed two pleas. The first was, that the plaintiff was employed and the defendant was engaged in interstate commerce at the time of the injury, and that the Federal law controlled. The replication admitted this, so that, without the necessity of the introduction of proof, the trial of the case passed from under the state laws and is controlled by the Federal statutes fixing the relationship and liability of employer and employee engaged in interstate commerce.

That the ground was uneven and rolling at the place of the tank was apparent to the plaintiff when he went there to work, and so he assumed the risk incident to this rolling ground and the ladder sitting by the side of the tank on the rolling or sloping ground, in the discharge of his duty.

The plaintiff's own evidence supported conclusively the plea of assumption of risk, and having assumed the risk, as is shown by his own evidence, the peremptory

instruction requested by the defendant should have been given. *St. Louis & S. F. R. R. Co.* v. *Snowden,* 149 Pac. 1083 (Oklahoma); *Burke* v. *Union Coal & Coke Co.,* 157 Fed. 178, 84 C. C. A. 626; *So. Kan. Ry. Co.* v. *Drake,* 53 Kan. 1, 35 Pac. 825; *Seaboard Air Line* v. *Horton,* 233 U. S. 492; *Director General of Railroads* v. *Bennett,* 268 Fed. 767; *Davis* v. *P. & R. R. Co.,* 276 Fed. 187; *Hartwich* v. *C. & A. R. R.,* 286 Fed. 672; *Wash. Terminal Co.* v. *Sampson,* 289 Fed. 577; *Pryor et al.* v. *Williams,* 254 U. S. 43.

Instruction number two told the jury that if they believed from the evidence that the plaintiff was injured through the negligence of the defendant in failing to furnish him a safe place and way to work, they should find for the plaintiff, and should assess his damage, under their oaths, in a sum that should fully compensate him. This shut out entirely the consideration of his assumption of risk of the master's negligence that was open and apparent to him. This was error.

*Hilton & Hilton,* for appellee.

Appellant's brief on the proposition that appellee assumed the risk of his employment, and authorities cited to sustain same, is based exclusively upon the theory that the issue raised by the evidence as to the negligence of appellee was solely whether appellee received his injury by his own negligence or the negligence of appellant, the master, by failing to provide a safe way to work as well as a safe place and manner in which to work. In this he is in error.

*Railroad Company* v. *Snowden,* 149 Pac. 1083, an Oklahoma case, is not applicable to the issue involved at bar, as will be disclosed by the proof in the record. Certainly, it is true, as argued by counsel, *contra,* that where the injury is not caused by any violation of Employer's Liability Act, it is a question of law for the court on the assumption of risk, provided there is not a conflict in the

evidence. This is all that the case of *Southern Pac. R. R. Co.* v. *Sely,* 152 U. S. 145, 38 L. Ed. 391, holds. And all the other authorities cited by counsel for appellant on this proposition are along the same theory. But as disclosed by the testimony in this case, we have no such state of facts as would justify the application of these authorities.

We call the court's attention to the evidence to show that the proposition of law involved was not the negligence of appellee, under which the rules of assumption of risk would apply, but that it involved the negligence of appellee's master and his co-worker, and, therefore, appellee did not assume the risk of his employment under the state of facts in this case.

*Fleming* v. *Norfolk So. R. R. Co.,* 76 S. E. 212 (North Carolina), held that as the federal statute is general in its holding, and makes no specific regulation as to the methods of procedure when action is brought in state courts, the procedure should conform as near as could be to that of state laws applicable, including the character of action, the order and manner of trial, the rules of pleadings and evidence. We cite that because counsel for appellant complains that instruction number two was given to appellee, and that thereby shut out the appellant entirely in having the advantage of a consideration of the assumption of risk of appellee. Our answer to that argument is that this instruction is on the issues as made by appellee's theory of the case, and as sustained by this record; and that appellant got full and complete benefit of any defense of the assumption of risk of appellee by his instruction number five.

We call the court's attention to *Wright* v. *Y. & M. V. R. R. Co.,* 197 Fed. 94, announcing the rule that an employee assumes the risk of ordinary dangers incident to his employment but not including acts of the carriers, officers, agents or other employees, or any defect or insufficiency due to its negligence in its cars, engines, appliances, tracks, roadbed, wharves, etc. This case is ap-

plicable here because appellee charges in his pleadings, and sustains same by his proof, that appellant was neg-ligent in furnishing a defective ladder, in that it was too short, and built under the direct supervision of the fore-man, and over the protest of appellee as to its length. It is further shown that the roadbed was uneven, and the place given appellee to work was unsafe. Moreover, it is shown that the injury happened as a result of co-worker Slade's having moved the ladder in a negligent way to an unsafe place.

See, to the same effect, *Boston M. R. R. Co.* v. *Benson,* 205 Fed. 876; *Penn. R. R. Co.* v. *Goughnour,* 208 Fed. 961.

In view of the fact that the federal courts have held that an employee does not assume the risk of his master's negligence, or that of his co-workers, see our own court's position on the assumption of risk. *Edwards* v. *Haynes, Walker Lbr. Co.,* 74 So. 284; *Murray* v. *Matthews, etc., Co.,* 56 So. 330; *Sea Food Co.* v. *Alves,* 77 So. 857.

ANDERSON, J., delivered the opinion of the court.

The appellee, E. B. Hales, brought this action against appellant, Gulf & Ship Island Railroad Company, in the circuit court of Simpson county, to recover damages for an injury received by him while engaged about his duties as a servant of appellant, and recovered a judgment for five thousand dollars, from which appellant prosecutes this appeal.

Appellant was engaged in interstate commerce, and appellee was likewise employed at the time of the latter's injury. The federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665) therefore applies, and with it the doctrine of the assumption of risks. Appel-lant assigns as error the action of the trial court in re-fusing to direct a verdict in its favor. In determining the propriety of that action of the court, the evidence must be treated as proving every material fact of ap-pellee's case which it either proves directly or by rea-

sonable inference. So viewing the evidence, appellee made substantially the following case:

He was employed by appellant in the capacity of a carpenter in its bridge gang. His foreman was Ike Farmer. His only co-worker at the time of his injury was H. C. Slade. Under the direction of appellant's foreman, appellee and his co-worker Slade were engaged in repairing one of appellant's water tanks on its line of railroad, from which its locomotives were accustomed to take water. The repair work in which they were engaged was putting new staves in the water tank, and tightening up the hoops around the tank, and otherwise mending it so that it would hold water. The materials for the repair work had previously been unloaded at the tank. Among the repair materials was lumber for making a ladder to be used by the workmen in going up on the platform on which the water tank sat. The piers to the water tank sat on uneven ground. On the side where the ground was highest it was about twelve feet from the ground to the platform on which the tank rested. There was a decline to such an extent that on the opposite side of the tank the distance from the ground to the platform was about sixteen or seventeen feet. The foreman directed appellee and his co-worker to make a ladder from the materials furnished by appellant, to be used in the progress of the work in going from the ground to the platform and back. The upright pieces out of which the ladder was constructed were only twelve feet in length. Appellee complained to appellant's foreman that the ladder should be longer. The latter said it was long enough, and directed appellee to use it in the work of repairing the tank.

Appellee's injury was received by him at a time when his co-worker was inside the tank at work, and appellee was going down the ladder to the ground from the platform on which the tank sat. He was coming down with his back to the ladder, stepping on each rung in going down. While thus engaged the ladder rocked from side

to side, causing his foot to miss a rung, which resulted in a wrench of his leg backward so violently as to throw his knee out of joint.

Appellee bases liability on three grounds, first, that he was furnished an unsafe place to work, in that the ground around the tank was uneven and the ladder furnished him with which to do the work was too short to properly reach from the ground to the platform on which the tank rested, causing the ladder to rock, which resulted in the injury; second, that appellant failed to furnish a sufficient number of helpers to do the work; that if appellant had complied with its duty in that respect there would have been a servant of appellant present to hold the ladder in place as appellee was descending it; third, that his injury was caused by the negligence of his co-worker, Slade, in that the latter had moved the ladder from where it was when appellant went up on the platform of the tank to another place where the ground was uneven and unsafe, resulting in the injury.

With reference to the first ground, the unsafety of the place, taking the evidence most strongly in favor of appellee, it amounted to simply this, that this water tank sat on uneven ground, and that the foreman in charge of the work directed appellant and his co-worker to make a ladder to be used in the work which was too short to be used on the low ground. Appellee admitted on cross-examination that if they had desired they could have spliced the ladder and made it longer. When the injury occurred one end of the ladder rested on the ground and the other end on the platform which supported the tank. That was the purpose for which the ladder was provided. The ladder was rocking from side to side, but there is nothing in the evidence to show that it fell. Appellee saw its condition. He could not shut his eyes to it. In fact, as stated above, he and his co-worker made the ladder themselves, and to that extent made their own place to work. This was such character of work as that the place occupied by appellee in his work neces-

sarily changed as the work progressed. If there was any defect in the ladder on account of its length, and if the place which was made up of the ladder and the ground it stood on and the platform of the tank it leaned against was unsafe, it was made so, at least in part, by appellee and his co-worker, and its condition was plainly obvious to both of them.

The second ground of negligence relied on, that appellant failed to furnish a sufficient number of helpers to do the work safely, is urged with little force. From the character of the work being done it is at once evident that two servants skilled in the work could do it as well as a dozen or more and probably better. In fact we are unable to understand how one skilled workman could not have done the work as well as a dozen. The additional time taken, it seems, would be the only difference to be considered.

The third ground relied on, that the injury was caused by the negligence of appellee's co-worker, Slade, in replacing the ladder on unsafe ground, is wholly unsupported by the evidence. The evidence taken most strongly for appellee simply shows that the ladder was standing on uneven ground, and rocked as appellee came down it, which caused him to lose his foothold and receive the injury complained of. The ladder was long enough to and did touch the ground below and rest on the tank above. Appellee's co-worker, Slade, had used the ladder as he had placed it in going up on the platform. It answered his purpose. There was no evidence to show that when appellee missed his foothold and received the injury that the ladder fell. There is nothing to show that if the ladder had been longer it would not have rocked. The condition of the ground and the ladder was plainly obvious to appellee as he was descending to the ground.

The supreme court held in *Pryor et al.* v. *Williams,* 254 U. S. 43, 41 S. Ct. 36, 65 L. Ed. 120, that in an action governed by the federal Employers' Liability Act, where the injuries resulted from plaintiff's being furnished and

using an obviously defective claw bar for drawing bolts, there was no liability because appellant knew of and assumed the risk of the defective claw bar. In *Seaboard Air Line* v. *Horton,* 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas, 1915B, 475, it was held under the federal Employers' Liability Act that when the employee knows of a defect in an appliance used by him and appreciates the resulting dangers, and continues in the employment without objection or without obtaining from his employer an assurance of reparation, he assumes the risk even though it may arise from the employer's breach of duty. Applying that principle the court held that a defect in a water gauge, of which the engineer had knowledge before the accident resulting therefrom, was such a defective appliance as that the risk of the dangers therefrom were assumed by plaintiff. And in *Southern Pac. Co.* v. *Seley,* 152 U. S. 145, 14 S. Ct. 530, 38 L. Ed. 391, being an action to recover from a railroad company damages for the death of a servant resulting from catching his foot in an unblocked frog while coupling cars and while in that condition being run over by a car, as the evidence showed that he had been in the employ of the defendant for several years as brakeman and as conductor of freight trains, that his duty took him frequently into the railroad yards in question to make up his trains, that he necessarily knew of the form of the frog there in use, and it was shown that he never complained to the railroad company of the character of frogs used by it, the court held he must be deemed to have assumed the risk of the danger from such unblocked frogs. The case of *St. L. & S. F. R. R. Co.* v. *Snowden,* 48 Okl. 115, 149 P. 1083, is especially illuminating on the subject of the assumption of risk under the federal Employers' Liability Act. The grounds of liability on which the plaintiff sought to recover in that case were (1) failure of the defendant to furnish a full crew; (2) failure of defendant to furnish plaintiff assistance in storing freight inside of a car. The court said that the work

was simple, and whatever risk and dangers existed were obvious, that the manner of the work and the surroundings, including the place of work and the number of hands furnished, were known by the plaintiff; that he voluntarily accepted employment knowing all those facts and assumed the risks incident thereto; that he was bound to use his eyes to see that which was open and apparent, and, if he failed to do so, he could not charge the consequences to the master.

Applying these principles to the alleged failure of appellant to furnish a safe place to work as well as a sufficient number of co-workers, we think it inevitably leads to the conclusion, under the undisputed facts of this case, that appellee assumed whatever risk there was resulting from such failure. It was a case where the servant knew he was to have only one helper, and he knew the character of the place, including the character of the ground and the ladder, in fact, a case where the place in which appellee was doing his work was constantly changing as the work progressed, which changes were necessarily brought about in a large measure by appellee and his co-worker.

With reference to the other ground of recovery, namely, the alleged negligence of Slade, appellee's co-worker, in moving the ladder to another place from where it was when appellant last used it in going upon the platform of the tank, we think is without substantial support in the evidence. No negligence is shown on the part of Slade, the co-worker, in the changing of the ladder from place to place; he was only doing that which was necessary to be done in order to carry on the work. That was a part of the work. If the ground was more uneven and the place more unsafe where Slade placed the ladder than it was at the place from which it was removed, that constituted no act of negligence. The evidence shows that the lower end of the ladder stood on the ground, and the upper end rested on the platform of the tank, and that as appellee came down he missed his foothold and

received the injury because the ladder rocked. It is evident that on account of the unevenness of the ground, ranging from twelve to sixteen feet below the platform of the tank, it would have been very difficult to place the ladder where it would not have rocked to some extent. There is nothing in the evidence to show that the ladder would not have rocked had it been longer. We are of opinion that appellant has fallen short of sufficient evidence to go to the jury on either of the grounds of alleged negligence relied on.

*Reversed and judgment here.*

## ON SUGGESTION OF ERROR.

The action of this court in rendering a final judgment for appellant is assigned as error. Appellee's contention is that this court was without authority of law to render a final judgment, contrary to the verdict of the jury in the court below; that in doing so the Seventh Amendment to the Constitution of the United States was violated. That amendment provides, in substance, that in suits at common law where the value in controversy shall exceed twenty dollars the parties shall have the right of trial by jury, and that no fact tried by a jury shall be re-examined in any court of the United States except according to the rules of common law. To sustain appellee's position *Slocum* v. *New York Life Ins. Co.*, 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029, and *Pedersen* v. *D., L. & W. R. R. Co.*, 229 U. S. 146, 33 S. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, are relied on. Both of those cases originated in federal courts, and were dealing with the practice and procedure in those courts. They hold, as appellee contends, that a federal court of review on appeal cannot render final judgment contrary to the verdict of the jury in the trial court. But they have no application to the practice and procedure in the state courts even in causes arising under a federal statute, as in the present case.

The Seventh Amendment of the Federal Constitution is addressed alone to the federal courts. It has no application to the state courts. *M. & St. L. R. R. Co.* v. *Bombolis,* 241 U. S. 211, 36 S. Ct. 595, 60 L. Ed. 961, L. R. A. 1917A, 86, Ann. Cas. 1916E, 505; 1 Roberts, Federal Liability of Carriers, section 427; *Edwards* v. *Elliott,* 27 Wall. 532, 22 L. Ed. 487; *Pearson* v. *Yewdall,* 95 U. S. 294, 24 L. Ed. 436; *Eilenbecker* v. *District Court,* 134 U. S. 31, 10 S. Ct. 424, 33 L. Ed. 801; *Spies* v. *Illinois,* 123 U. S. 131, 8 S. Ct. 21, 22, 31 L. Ed. 80.

It was held in the Bombolis case that the requirement of the Seventh Amendment of the Federal Constitution that trials by jury be according to the course of the common law, one step in which was the requirement of a unanimous verdict, did not control the state courts even when enforcing rights under the federal Employers' Liability Act, and that the state courts could therefore give effect in actions under that statute to the local practice of permitting less than a unanimous verdict. The practice in this state of rendering a final judgment in this court for the appellant in a case where the trial court should have directed a verdict in appellant's favor is a matter of practice and procedure. It does not affect the substantive law of the case. The practice does not abridge the substantive rights of the parties under the federal Employers' Liability Act (U. S. Comp. St., sections 8657-8665). It is the method under our law of administering that act in the courts of this state which is not affected in any manner whatever by the practice and procedure in the federal courts.

The argument of the other assignments of error is simply a reargument of the questions argued on the former hearing. We see no reason to change our views as expressed in the opinion handed down.

*Overruled.*