### HOGAN v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Sixth Circuit. November 4, 1926.)

No. 4621.

1. **Master and servant** ⬯⟿401—Petition alleging employer was not participating in insurance fund under Ohio Workmen's Compensation Act held insufficient to preclude common-law defenses (Gen. Code Ohio, §§ 1465—60, 1465—73).

Petition alleging that employer was not participating in state insurance fund of Ohio under Ohio Workmen's Compensation Act (Gen. Code Ohio, § 1465—60) *held* insufficient to show employer, under section 1465—73, was not entitled to avail itself of common-law defenses, since act is elective, requiring voluntary acceptance by employee as well as employer, and approval by Board of Awards.

2. **Master and servant** ⬯⟿204(1).

Under Gen. Code Ohio, §§ 6243–6245, 9015, 9017, railroad employee, using wrench for straightening handles on cars, *held* to have assumed risk arising from nature of simple tool and in character of use.

In Error to the District Court of the United States, for the Southern District of Ohio; Smith Hickenlooper, Judge.

Action by John Hogan against the Baltimore & Ohio Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Jos. W. Sharts, of Dayton, Ohio, for plaintiff in error.

A. McL. Marshall, of Dayton, Ohio (Byron B. Harlan, of Dayton, Ohio, and Morrison R. Waite and Wm. A. Eggers, both of Cincinnati, Ohio, on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

MOORMAN, Circuit Judge. This cause was decided below on a demurrer to the petition as amended. The relevant facts alleged were that defendant was engaged in both intrastate and interstate commerce; that plaintiff was its employee as a car repairer at Toledo, Ohio, and as such was required to straighten the handholds on railway cars; that the usual and proper implement for such work was a buggy bar, having a curved end for digging into and gripping the woodwork; that plaintiff had repeatedly requested his superiors to furnish him a buggy bar with which to do the work, but they had refused to do so, and required him to use a long wrench, which was an unsafe appliance; and that, while standing on the stirrup of a car and attempting to straighten a handhold on October 25, 1924, the wrench which he was using slipped, and caused him to fall across the rails of the track, resulting in the injuries for which he sought damages.

It was further alleged that defendant regularly employed in its service more than five workmen and operators, but that it was not, at the time of the injury nor thereafter, paying into or participating in the state insurance fund of Ohio, under the provision of the Workmen's Compensation Act of that state. This allegation was made under section 1465—60, G. C. of Ohio, which generally designates the employers subject to the Workmen's Compensation Act of the state. It was stricken from the petition, and thereafter the demurrer was sustained.

The contention of the plaintiff is that the state act applies, or rather that defendant, not having elected to accept its provisions with respect to the plaintiff and the work he was doing at the time of his injury, is by the terms of the act denied the right to avail itself of the defenses of assumption of risk and contributory negligence.

The applicable section of the act (G. C. § 1465—98) reads: "The provisions of this act [G. C. §§ 1465—41a to 1465—45, 1465—46, 1465—53 to 1465—106] shall apply to employers and their employees engaged in intrastate and also in interstate and foreign commerce, for whom a rule of liability or method of compensation has been or may be established by the Congress of the United States, only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce, and then only when such employer and any of his

workmen working only in this state, with the approval of the state liability board of awards, and so far as not forbidden by any act of Congress, voluntarily accept the provisions of this act by filing written acceptances, which, when filed with and approved by the board, shall subject the acceptors irrevocably to the provisions of this act," etc. Another section (G. C. § 1465—73) provides that the employers mentioned in a previous section (G. C. § 1465—60) who fail to comply with the provisions if the act, shall not be entitled to its benefits, and shall not avail themselves of the common-law defenses of the fellow-servant rule, assumption of risk, and contributory negligence.

Whether the employer referred to in section 1465—98 is to be regarded as embraced in section 1465—60 for the purposes of section 1465—73 we have no occasion to decide, since, whatever may be the meaning of the act in its attempt to deal with the separably intrastate work of employers and employees engaged in both kinds of commerce, it seems clear that it can be made effective as against such employers and employees only when they have accepted its provisions and their acceptances have been approved by the Board of Awards. Passing, therefore, the other questions that suggest themselves, we may inquire whether there was any averment in the petition that brought the case within the broadest possible construction of this condition of the act.

[1] The act is elective, but the right of election does not rest alone with the employer. The employee also has an option, and his voluntary acceptance, as well as the employer's, must be approved by the Board of Awards. Connole v. N. & W. R. Co. (D. C.) 216 F. 823; Gilder v. Industrial Commission, 100 Ohio St. 500, 127 N. E. 595. Thus there is a discretion in the employee and the board. The only allegations in the petition referring to the act were those stricken. They did not show that defendant had failed or refused to accept the act as to its employees engaged exclusively in intrastate service; indeed, they showed nothing as to why the parties were not operating under the act as to the work that plaintiff was doing. In the absence of definite averments fixing the responsibility on the defendant for this legal status of the parties, it ought not to be held that the act as to its penalty of forbidden defenses applies, for that penalty is not, in our opinion, arbitrarily extended to every employer who, subject to the option of his employees and the Board of Awards, may participate in the fund and become subject, as to certain phases

of his work, to the act, but who for some reason not shown has not done so.

[2] What, then, is the effect of the petition? Measured by the standards required of one engaged in intrastate service—an assumption, rather than an alleged fact or inference from the averments of the petition—we find that there are state statutes generally determining the bases of liability for injuries arising out of the relation of employer and employee. Sections 6243, 6244, 6245, 9015, and 9017. The remedies provided by these statutes have been held to be cumulative. Erie R. Co. v. Connors (6 C. C. A.) 261 F. 303. The employer is not deprived of his common-law defenses in any of them where the injury results from the use of a simple tool. In McGill v. C. & S. W. T. Co., 79 Ohio St. 203, 86 N. E. 989, 19 L. R. A. (N. S.) 793, 128 Am. St. Rep. 705, it was held that a stepladder was a simple tool. A wrench is quite as simple and as easily understood. The plaintiff, therefore, under well-settled rules, both state and federal, not only assumed the risks arising from the nature of this simple tool, but he also assumed such risks as were incurred from the character of its use. He was familiar with the tool. There is no averment of defect or promise to furnish another. He alleges that he regarded the wrench as dangerous, and asked for another implement, but his request was refused. Under these averments it is clear that he assumed the risk of its continued use. Railroad Co. v. Williams, 254 U. S. 43, 41 S. Ct. 36, 65 L. Ed. 120; Railway v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475.

Judgment affirmed.