## MASLEK *v.* PENNA. RD. CO.

*Negligence—Federal Employers' Liability Act—Employe peremptorily ordered to use dangerous appliance—Defense of assumption of risk waived and employer estopped, when—Waiver of defense, question for jury, when—Error to direct verdict upon ground employe assumed risk.*

1. Under federal Employers' Liability Act (U. S. Comp. Stats., Sections 8657 to 8665), where employe continues to work with appliance knowing dangers incident to its use under peremptory order given by employer, employer is estopped from asserting defense of assumption of risk and is said to have waived defense.

2. Under federal Employers' Liability Act (U. S. Comp. Stats., Sections 8657 to 8665), peremptory order by employer commanding use of an appliance, though not accompanied by promise of employer to be responsible for injuries, *held* to present circumstance from which waiver of defense of assumption of risk could be inferred, so as to make question for jury.

3. In action, under federal Employers' Liability Act (U. S. Comp. Stats., Sections 8657 to 8665), by employe on section gang of railroad, peremptorily ordered to use adze in cutting ties, for injuries received to eyes in using adze, direction of verdict for defendant on ground that employe admitted he knew risks arising from use of adze, and therefore assumed risk, *held* error; question being for jury.

(Decided April 25, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Winch, Lurie, Addams & Burke,* for plaintiff in error.

*Messrs. Squire, Sanders & Dempsey,* for defendant in error.

LEVINE, J. This is the second time this case comes into this court on error. In the court of common pleas the plaintiff sought to recover damages for personal injuries claimed to have been received by him, in the course of his employment as a member of a section gang, through the alleged negligence of the defendant. One breach of duty charged in the petition was to the effect that the railroad company was negligent in peremptorily ordering him to use a dull adze in cutting away certain portions of a tie installed in a track, without having furnished him with goggles for the protection of his eyes; that while the adze was in use it caused chips to fall in such a manner as to inflict an injury upon one of his eyes.

On the first hearing the judgment of the common pleas court in sustaining a motion made by defendant for judgment upon statement of counsel was reversed, for the reason that the trial court is not authorized as a matter of law to declare an adze a simple tool, so as to bring it within the common-law rule relating thereto. It was held that the question of whether it is or is not a simple tool is a question of fact that must be submitted to the jury under proper instructions. The case was accordingly remanded for retrial.

The second trial proceeded upon the same facts with the exception that an amended pleading was filed which brought the case under the federal Employers' Liability Act (U. S. Comp. St., Sections 8657-8665). After all the evidence was in, the trial judge, on motion of defendant, directed a verdict in favor of defendant.

The ground of the trial court's action was that the plaintiff admitted while on the witness stand

that he knew and appreciated the risks arising from the use of the adze; that it therefore became inconsequential whether the adze was or was not a simple tool, because the doctrine of assumption of risk applied as soon as the plaintiff testified that he knew and appreciated the dangers from its use.

In support of the trial court's action, it is pointed out in the brief of defendant in error that the doctrine of peremptory order has no application to this case, in view of the admitted statement of the plaintiff that he knew and appreciated the dangers of working with the adze without goggles.

It is argued that there is a distinction between the state of the pleadings when this case was first brought into this court and the present state of the pleadings, in that this case was tried the second time on an amended petition under the federal Employers' Liability Act, citing *Boldt, Adm'x.,* v. *Pennsylvania Rd. Co.,* 245 U. S., 441, 38 S. Ct., 139, 62 L. Ed., 385, and *Pryor* v. *Williams,* 254 U. S., 43, 41 S. Ct., 36, 65 L. Ed., 120.

Defendant plants himself squarely upon the proposition of law that, under the federal Employers' Liability Act, the employe assumes not only all the risks incident to the employment in general, but also extraordinary risks due to negligence of the employer or fellow employe, when such risks are fully known and appreciated by him.

The Ohio rule as to peremptory orders is stated in the case of the *Van Duzen Gas & Gasoline Engine Co.* v. *Schelies,* 61 Ohio St., 298,. 55 N. E., 998, wherein at page 309 (55 N. E., 1000), the court ruled as follows:

"The clear result of the best considered cases is

that, where an order is given a servant by his
superior to do something within his employment,
apparently dangerous, and, in obeying, is injured
from the culpable fault of the master, he may re-
cover, unless obedience to the order involved such
obvious danger that no man of ordinary prudence
would have obeyed it; and this is a question of fact
for the jury to determine under proper instructions,
and not of law for the court.''

The case of *Northern Pacific Rd. Co.* v. *Egeland*,
163 U. S., 93, 16 S. Ct., 975, 41 L. Ed., 82, is cited
as to the rule obtaining in the federal courts.

From page 310 (55 N. E., 1001) of the *Van Duzen
Gas Company case,* we quote:

''There is much reason in the rule that allows
a favorable construction to be placed on the act of
the servant done in obedience to the order of his
superior, though involving danger. Obedience to
orders given by a master becomes a habit with the
servant. He obeys without much questioning the
prudence of the order. It is expected that he will
do so, and without such obedience the business of
the master could not be successfully conducted. It
is then both reasonable and proper that the master
should be held to a reasonable responsibility for
what he orders his servants to do; and the con-
duct of a servant in obeying an order, under such
circumstances, should not be too closely criticised
by courts in administering the law. Whilst the
law will not excuse the servant, where the thing
ordered is plainly and manifestly perilous, it will
do so where a man of ordinary prudence and care
would, under the circumstances, have obeyed the
order, although involving danger. A servant has
the right, and is expected, to rely somewhat on
the superior knowledge and skill of one placed in

authority over him. So that, in this case, whether Schelies was, under the circumstances, guilty of contributory negligence, was a question of fact for the jury under proper instructions from the court. At the time the injury occurred he was in the employ of the defendant as a 'vise-hand,' and had been called by the foreman to assist in the adjustment of a portable gasoline engine with pump and circular saw attached. The saw was in motion at the time and not properly protected; and he was ordered to adjust the shafting of the pump, which was close and next to the saw. He suggested that it was not safe to do so without stopping the saw. The foreman peremptorily renewed the order; he obeyed; his clothing was caught by the saw and he was seriously injured. It was in evidence that he had been called a short time before to assist the foreman in the same way, and had done so without injury. The defendant asked the court to instruct the jury that 'if the master or one standing in the place of the master, as the foreman in this case, orders a servant to expose himself to a danger known and appreciated by the servant, and in executing such order the servant is injured, he cannot recover unless he shows that he was injured solely in consequence of such danger, *and without fault or negligence* on his part.'

"This was refused, and the court instead instructed the jury 'that, if the plaintiff was expressly ordered by the foreman to do the work that he undertook to do, the fact that it was dangerous would not preclude the plaintiff from recovery unless the danger was so obvious, and injury thereby was so inevitable, that a man of ordinary prudence would not obey if he was ordered by his

employer to do it.' The case then was given to the jury under proper instructions as has been shown, and the instruction asked by the defendant was properly refused.''

In the case of *Northern Pacific Rd. Co.* v. *Egeland*, 163 U. S., 93, 16 S. Ct., 975, 41 L. Ed., 82, it is held:

''The defendant in error, plaintiff below, was a common laborer in the employ of the plaintiff in error. When returning from his work on a train, the conductor ordered him and others to jump off at a station when the train was moving about four miles an hour. The platform was about a foot lower than the car step. His fellow laborers jumped and were landed safely. He jumped and was seriously injured. He sued to recover damages for those injuries. Held, that the court below rightly left it to the jury to determine whether he was guilty of contributory negligence.''

In *Seaboard Air Line Ry.* v. *Horton*, 239 U. S., 595, 36 S. Ct., 180, 60 L. Ed., 458, it is held:

''Where the employer promises reparation of such a defect and the employe relying on such promise continues, he does not, during such time as is reasonably required for its fulfillment, assume the risk unless at least the danger is so imminent that no ordinarily prudent man would, under the circumstances, rely upon such a promise.

''Where, as in the present case, the injury was caused by the absence of a glass protector in front of a water gauge which burst, and the employe had continued after knowledge and promise of reparation, held, that the trial court did not err in refusing to hold as a matter of law that the danger was so imminent that no ordinarily prudent man

would continue the employment in reliance on the promise and that one so continuing did assume the risk.

"Reasonable reliance by an employe on a promise of reparation and continuance in his employment for a reasonable period pending performance cannot be regarded as contributory negligence as matter of law; the request and direction of the employer has a material bearing on the question; and so held in this case that the question was properly submitted to the jury.

"Authorities differ, and not yet decided by this court in this or prior cases, as to whether continuing the employment in presence of danger so imminent that no ordinarily prudent man would confront it, even where the employer has promised reparation, amounts to assumption of risk or contributory negligence.

"Distinctions between assumption of risk and contributory negligence which were of little consequence when both led to the same result become more important in cases under the Employers' Liability Act where the former is a complete bar, and the latter merely mitigates the damages."

No case under the federal Employers' Liability Act can be cited wherein the contention of the defendant, to the effect that the claim of peremptory order becomes immaterial, is sustained, if it appears that the plaintiff appreciated the danger incident to the use of certain appliances.

It is true that the theory usually given of peremptory order is that by virtue of the peremptory order, and the unusual circumstances attending the work to be done, the employe is deprived

to some extent of the opportunity to consider, and authorized to rely to some extent on the employer's superior knowledge of conditions. In our opinion that is not the only reason. It may be stated that when the employe continues to work with an appliance, though knowing the dangers incident to its use, under a peremptory order given him by the employer, the employer is estopped from asserting the defense of assumption of risk, and is said to have waived that defense. It must be conceded that, if the employer peremptorily ordered the employe to continue the use of an appliance, with the express assurance and promise that he. will be responsible for any injurious consequences,. the employer could not be heard in case of injury to assert the defense of assumption of risk, even though the employe knew and appreciated the: danger incident to the use of an appliance. A peremptory order commanding the use of an appliance, even though not accompanied with such assurance and promise, to say the least, presents a circumstance from which a waiver of the defense of assumption of risk could be inferred. At any rate it becomes a question of fact to be submitted to the jury under proper instructions.

In the case of *Schnable* v. *Cleveland, C., C. & St. L. Ry. Co.*, 102 Ohio St., 97, 130 N. E., 510, the rule laid down in *Van Duzen Gas & Gasoline Engine Co.* v. *Schelies*, 61 Ohio St., at page 310, 55 N. E., 998, was followed and approved. The *Schnable case* was a federal liability case and applies to the case at bar.

In view of the above considerations, we hold that the common pleas court committed error in direct-

ing a verdict as it did. The judgment will therefore be reversed, and the case remanded.

*Judgment reversed and cause remanded.*

Sullivan, P. J., concurs.

Vickery, J., dissenting. I feel constrained to dissent from the opinion of the majority court in this action, and I will briefly give the reasons why.

This cause came into this court once before. At that time, in the common pleas court, the plaintiff and defendant stated the cause of action, and after the statement of the cause of action the court directed a verdict for the defendant. Error was prosecuted to this court, and a decision was rendered, reversing the common pleas court, and remanding the same for a new trial. The writer of this dissenting opinion was very much of the opinion in the first instance that there was no liability for which the defendant, railroad company, could be held, but did not deem it necessary to dissent from the opinion, and so in a measure acquiesced. The case then went back to the common pleas court, whereupon the plaintiff changed his position, which materially affected the liability here, for, had he maintained the position he took in the first case, the probabilities are that this court would either have had to reverse itself or sustain a judgment in favor of the plaintiff, if one was rendered, but, as already stated, in the common pleas court, after the case had been remanded for a retrial, he changed his position and sought to hold the Pennsylvania Railroad Company under the United States law rather than the state law.

After the evidence was all introduced in the

second hearing, a motion to direct a verdict having either been heard and refused by the court, or held in abeyance, the court came to the conclusion that there was no liability in the case and so directed a verdict in favor of the defendant company. Error is prosecuted to this court to reverse that judgment, and the majority of the court seem to think that the case should be reversed, in which conclusion I cannot join, for the evidence all shows that this plaintiff was as fully aware as the foreman was of the dangers attendant upon the use of the adze, and of the condition it was in. It must be remembered that this adze that was used is but a common tool, and there was nothing the matter with it except that it had become nicked and dull. When the plaintiff complained to the foreman, the latter said he had no other adze, and the plaintiff then continued to use it. He then asked for a pair of goggles, and the foreman said he had none there, but that there was a pair at another station. Plaintiff now seeks to say that they then ordered him to go forward with his work. In any event he went forward, and did his work, and was injured, as he claims, by chips flying in his eyes.

Now it must be remembered that the danger, if there was any danger, was called to the attention of the foreman by the plaintiff himself, and the plaintiff told the foreman of the dangers, and so he was as well and better acquainted with the impending danger than was the foreman himself, and with this in mind, and with full knowledge of the impending danger, he went on with his work, and under and by virtue of the authorities in law laid down where the service is performed on an inter-

state railroad company, under the United States law, there is a clear assumption of risk, and whatever injury ensued occurred to him who assumed the risk thereof. To sustain this contention that there can be no recovery in such cases, I wish to cite *Pennsylvania Co. v. McCurdy,* 66 Ohio St., 118, 63 N. E., 585; *Boldt, Adm'x., v. Pennsylvania Rd. Co.,* 245 U. S., 441, 38 S. Ct., 139, 62 L. Ed., 385; and *Pryor v. Williams,* 254 U. S., 43, 41 S. Ct., 36, 65 L. Ed., 120.

In *Boldt v. Pennsylvania Rd. Co., supra,* we have a case almost exactly on all fours with the instant case, and there a Missouri court, construing the state common law, held that there might be a liability against the railroad company; that Boldt's conduct would amount to nothing more than contributory negligence in using the tool under the circumstances; that there would be a reduction perhaps of the judgment, but that he could recover. The Supreme Court of the United States, in reversing the case, held that it was a case in which the plaintiff plainly assumed the risk and that there was no such thing as peremptory order involved in the case.

So in the instant case I think without any question that the plaintiff assumed the risk and he cannot recover, and I think the judgment of the common pleas court was right and ought to have been affirmed.