### GILMER v. YAZOO & M. V. R. CO. *

(Circuit Court of Appeals, Fifth Circuit. March 24, 1925.)

No. 4468.

**1. Master and servant ⬳204(1)—Experienced railroad employee held to have assumed risk from injury in yard.**

Experienced railroad employee, who was familiar with custom of switching cars without providing them with lookout or lights, assumed risk of injury as result of such custom, precluding recovery for his death under federal Employers' Liability Act (Comp. St. §§ 8657–8665.)

**2. Master and servant ⬳204(2)—Provision of federal act as to assumed risk held to refer to violation of federal statutes.**

Federal Employers' Liability Act, § 4 (Comp. St. § 8660), providing that an employee shall not be held to have assumed risks of employment, where violation by carrier of any statute enacted for safety of employees contributes to injury, refers to acts of Congress, and not acts of state Legislatures.

In Error to the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Action by Mrs. Vannye Gilmer, administratrix of the estate of Daniel C. Gilmer, deceased, against the Yazoo & Mississippi Valley Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Chas. S. Mitchell and Geo. T. Mitchell, both of Tupelo, Miss., and R. G. Draper, of Memphis, Tenn., for plaintiff in error.

Chas. N. Burch, H. D. Minor, and Marion G. Evans, all of Memphis, Tenn., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an action under the federal Employers' Liability Act (Comp. St. §§ 8657–8665) for injuries which caused the death of plaintiff's intestate, Daniel C. Gilmer, while he was employed by the defendant railroad company as a flagman on its interstate railroad. The action is based on defendant's negligence in switching cars in a railroad yard, and in failing to have that yard properly lighted. The defenses, besides the general issue, were that Gilmer's death was due solely to his own

*Certiorari denied 45 S. Ct. 639, 69 L. Ed. ——.

negligence and to an assumed risk of employment.

Defendant's main line runs through its railroad yard at Memphis, where switching operations are conducted, and where also its freight trains from the South are stopped. Alongside the main line at this yard is located a small building, where freight train employees are required to register at the beginning and end of each trip. For the convenience of its employees, defendant, at the time of the injury complained of, maintained a shuttle train, which ran between the yard, designated as West Junction, and the city of Memphis proper. An hourly schedule was maintained, and the shuttle train was due to leave the yard on the hour. Freight trains were made and broken up in this yard continuously throughout the whole 24 hours of the day; about 2,000 cars being switched daily. In the switching operations the "kicking" process was used constantly, and the cars switched in this manner were never protected, either by lookouts or by having lights placed upon them. However, large electric lights were provided for lighting the yard. The main line was also used for switching operations, when such use did not interfere with the passage of trains upon it.

Daniel C. Gilmer was 26 years old at the time of his death. He had been in defendant's employ for 6 years, and for 6 months at least prior to his death was employed as a flagman on freight trains running between the West Junction yard and Cleveland, Miss. On July 9, 1922, he came in on a freight train from Cleveland, arriving at West Junction about 4:10 a. m., and proceeded across a yard track and the main line to the small building above mentioned, where he registered out. He then immediately went out of that building, and apparently was retracing his steps, when, just as he was stepping off the main line track onto a switch track, he was struck by a freight car being kicked from the main line into the yard, and injured so severely that he died shortly afterwards. The car which struck him had neither a lookout nor light on it. Witnesses for plaintiff testified that an electric light in the yard near by was not burning. The engine foreman, whose duty it was to direct the switching of cars, testified that he was standing with a lighted lantern in his hand in the yard about 30 feet away, and at the time was directing the switching movement. A witness for the plaintiff testified that it was the custom of the engine foreman to stand at about the same place. Gilmer received his injury at about 4:18 a. m., and was going in the direction of the point where the shuttle train took on and put off employees. On the morning in question the sun rose at 4:48 o'clock, and witnesses testified that at the time of the accident it was light enough to see an object as large as a freight car for a distance of at least 200 feet. Two special agents testified that they came in on the train with Gilmer, and proceeded to the building where employees registered, and took a seat alongside of it next to the main line; that a train of cars was switched out of the yard onto the main line while Gilmer was inside; that the car which ran him down was kicked back from this train in the opposite direction at a rate of about 15 miles per hour; that they saw it before it struck Gilmer, and called to him, but that it was too late, as the car was almost upon him. At the conclusion of all the evidence, the trial court granted a motion for a verdict in favor of defendant.

[1, 2] In the view we take of this case it is unnecessary to consider either whether the switching operations conducted in defendant's yards were carried on in such a way as to constitute negligence on the part of the railroad company, or whether plaintiff's intestate was guilty of such negligence as to bar recovery. Assuming, in favor of plaintiff, that defendant was negligent, and that her husband was not, we are of opinion that the doctrine of assumption of risk is fatal to a recovery in this case. Plaintiff's intestate was an experienced railroad employee, and the conclusion is inescapable that he was thoroughly familiar with the custom of the yard to switch cars without requiring them to be provided with a lookout, or to have lights upon them, so as to furnish warnings of danger. He was bound to know from his experience that the precautions against injury now insisted upon did not prevail in defendant's yard, and that it might be expected at any time, day or night, that a car would be moved without warning of any kind. The provision in section 4 of the Employers' Liability Act (Comp. St. § 8660), to the effect that an employee shall not be held to assume the risks of his employment where the violation by the carrier of any statute enacted for the safety of employees contributes to the injury, refers to acts of Congress and not to acts of state Legislatures. As there is no legislation by Congress prohibiting the switching of cars by the kicking or shunting process, the defense of assumption of risk in such case may still be made.

The Supreme Court has held that Con-

gress, by eliminating such defense in the particulars stated in section 4 of the above-mentioned act, evidenced its intent that in all other cases assumption of risk should have its former effect of being a bar to a cause of action. Seaboard Air Line v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1 Ann. Cas. 1915B, 475. To the same effect is Jacobs v. Southern Railway Co.. 241 U. S. 229, 36 S. Ct. 588, 60 L. Ed. 970. In Boldt v. Penn. Railway Co., 245 U. S. 441, 38 S. Ct. 139, 62 L. Ed. 385, a case quite similar to this, it is said: "At common law the rule is well settled that a servant assumes extraordinary risks incident to his employment or risks caused by the master's negligence which are obvious or fully known and appreciated by him." See, also, Butler v. Frazee, 211 U. S. 459, 466, 29 S. Ct. 136, 53 L. Ed. 281.

In our opinion, it is clear from these decisions that plaintiff's intestate assumed the risk involved in the method used by defendant of switching cars without lights or lookouts upon them to serve as warnings of danger to its employees.

The judgment is affirmed.