(107 So. 456)

## ATLANTIC COAST LINE R. CO. v. JEFFCOAT. (3 Div. 733.)*

(Supreme Court of Alabama. Jan. 21, 1926. Rehearing Denied March 25, 1926.)

1. **Negligence ⬌74—One risking own life to protect another not negligent, unless reckless.**

One who risked his life to protect another who is exposed to sudden peril *held* not negligent, where effort was not made under such circumstances as to constitute recklessness and rashness in judgment of man of ordinary prudence.

2. **Master and servant ⬌289(38)—Negligence of section foreman removing gauge from track to prevent derailing of train held for jury (federal Employer's Liability Act, § 1 [U. S. Comp. St. § 8657]).**

In action, under federal Employers' Liability Act, § 1 (U. S. Comp. St. § 8657), by section foreman for injuries received in removing gauge from track 'to prevent derailing of approaching train, whether such act was reckless and rash in judgment of man of ordinary prudence *held* for jury.

3. **Master and servant ⬌247(1)—Proximate cause of injury to section foreman removing gauge from track to prevent derailing of train was negligence of laborer who left gauge on track.**

Proximate cause of injury of section foreman, who was struck by train in attempting to remove gauge from track to prevent train from being derailed, was laborer's failure to remove gauge when ordered to do so, since proximate cause of injury to one who voluntarily interposes to save lives of those imperiled by negligence of another is negligence which caused such peril.

4. **Master and servant ⬌247(1).**

Section foreman, injured in removing track gauge to prevent derailing of train, had right to assume laborer would obey orders to remove gauge.

5. **Master and servant ⬌247(1).**

Where section laborer left gauge on track though ordered by foreman to remove it, negligence of injured foreman in failing to remove gauge in time was secondary.

6. **Negligence ⬌101—Section foreman injured in removing gauge from track, held entitled to recover, under federal act, though guilty of some negligence (U. S. Comp. St. § 8657).**

Section foreman, who was injured in removing gauge from track to prevent derailing of train, after laborer, who had been instructed to remove it, failed to do so, *held* entitled to recover, under U. S. Comp. St. § 8657, though guilty of some negligence in leaving gauge on track.

7. **Trial ⬌139(1).**

Where evidence tended to prove plaintiff's right of recovery, general affirmative charge, with hypothesis in favor of defendant, *held* properly refused.

8. **Negligence ⬌141(12)—Instruction on contributory negligence defeating recovery, under federal act, held properly refused, because failing to state negligence was sole proximate cause of injury (U. S. Comp. St. § 8657).**

In action, under U. S. Comp. St. § 8657, by section foreman, when struck by train while removing gauge from track, instruction that he could not recover if he did not see that track was clear before inviting train to pass *held* properly refused, since it failed to state that plaintiff's negligence must be sole proximate cause of injury to prevent recovery.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action for damages by A. L. Jeffcoat against the Atlantic Coast Line Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Arrington & Arrington, of Montgomery, for appellant.

The injury was due to the negligence of plaintiff, and the affirmative charge for defendant should have been given. Labatt's Master & Servant (1904) 938. 19 A. L. R. 11, note; Garrett v. L. & N., 71 So. 685, 196 Ala. 52; Goar v. Stephen, 196 N. W. 171, 157 Minn. 228; Sou. Ry. v. Cooper, 55 So. 211, 172 Ala. 505; Pickett v. Wilmington & W. Co., 23 S. E. 264, 117 N. C. 616, 30 L. R. A. 257, 53

---

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Certiorari denied 46 S. Ct. 639, 70 L. Ed. —.

Am. St. Rep. 611; 29 Cyc. 502; Healey v. Heidel, 210 Ill. App. 387; Schneider v. Little, 151 N. W. 587, 184 Mich. 315. The primary duty rested upon plaintiff to see that the track was clear. Davis v. Sorrell, 104 So. 397, 213 Ala. 191; Frese v. C., B. & Q., 44 S. Ct. 1, 263 U. S. 1, 68 L. Ed. 131; Davis v. Kennedy, 45 S. Ct. 33, 266 U. S. 147, 69 L. Ed. 212; Yadkin v. Sigmon, 45 S. Ct. 230, 267 U. S. 577, 69 L. Ed. 796; G. N. v. Wiles, 36 S. Ct. 406, 240 U. S. 444, 60 L. Ed. 732. Plaintiff assumed the risk of the injury. S. A. L. v. Horton, 34 S. Ct. 635, 233 U. S. 492, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Maddox v. C. W. & M. Co., 55 So. 93, 171 Ala. 216; Sloss Co. v. Stapp, 70 So. 267, 195 Ala. 340; Morris & Co. v. Thurmond (C. C. A.) 262 F. 384; Crawford v. Fayetteville, 212 F. 107, 128 C. C. A. 623; Bell v. T. C. I. Co., 255 F. 545, 166 C. C. A. 613; 26 Cyc. 1205.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

Plaintiff had the right to presume that his fellow employee would do his duty. Davis v. Sorrell, 104 So. 397, 213 Ala. 191. Plaintiff's act, if negligent, was secondary. Davis v. Sorrell, supra. Plaintiff's negligence, contributing with defendant's negligence to produce the injury is not a bar to the suit. L. & N. v. Morrill, 99 So. 297, 211 Ala. 39; Id., 44 S. Ct. 456, 265 U. S. 582, 68 L. Ed. 1190; U. P. v. Hadley, 38 S. Ct. 318, 246 U. S. 330, 62 L. Ed. 751. The negligence which caused the peril was the proximate cause of the injury. 22 R. C. L. 146; Bond v. B. & O., 96 S. E. 932, 82 W. Va. 557, 5 A. L. R. 201; P. R. R. v. Goughnour, 208 F. 961, 126 C. C. A. 39; L. & N. v. Orr, 26 So. 35, 121 Ala. 489; Government St. R. Co. v. Hanlon, 53 Ala. 71.

MILLER J. A. L. Jeffcoat sues the Atlantic Coast Line Railroad Company, a corporation, for personal injuries. Only one count in the complaint was submitted to the jury, which was numbered 1. This count states a cause of action under the federal Employers' Liability Act for injuries alleged to have been sustained by the plaintiff, an employé of the defendant, by being run upon or against by a moving locomotive as the result in whole, or in part from the negligence of one John Jones, an employé of the defendant, while acting within the line of his employment.

The defendant pleaded in short and by consent (1) general issue, (2) assumption of risk, and (3) contributory negligence of plaintiff in mitigation of damages. There was verdict by a jury in favor of plaintiff, and, from a judgment thereon by the court, this appeal is prosecuted by the defendant.

The defendant requested and the court refused to give the following written charge to the jury:

"(1) The court charges the jury that if they believe the evidence their verdict must be for the defendant."

It was admitted that at the time of the injury both the plaintiff and defendant were engaged in interstate commerce; and there was sufficient proof of the formal allegations of the count to bring the action within the influence of the federal Employers' Liability Act. This act makes—

"every common carrier by railroad while engaging in commerce between any of the several states * * * liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier." U. S. Comp. Stat. § 8657; Act April 22, 1908, c. 149, § 1.

The plaintiff was section foreman of the defendant; had charge of five men—two white and three colored. They were each subject to his orders and control, and it was their duty to obey his orders. They were in a motorcar returning home on his section of the track of defendant, and discovered the rails for about 60 feet were "in bad line." They stopped the car, and commenced repairing the track by pulling the spikes, placing the gauge on the rails, drawing them in line, and then driving the spikes to hold them in line. It was on a curve. The track was straight for half a mile east from where they were working, but curved towards the west. One of the men was sent by plaintiff around the curve to put out the danger signal for approaching train. No signal was placed on the other side, as the track was straight for half a mile where they were working. John Jones handled the gauge, had charge of it, and was handling it on the track behind the other men, who were pulling the spikes and driving them back after John Jones, with the gauge, had drawn the rails in position. It was John Jones' "duty to put it on the track and take it off the track." "A gauge is a square piece of wood about the width of 4 fingers and about as thick, with 2 metal fingers or tips on each end and a little thing that comes down against the rail to tell how far to gauge the rail in." The metal fingers on the end fit on top of the rail, when it is laid across the track. A gauge lying across the track with steel ends, like this one, on the rails on a curve, would probably derail a passing train every time. This was a stiff curve, and the gauge was as above described on the track, so placed by John Jones, while they were relining these rails on this curve. A train was seen coming east on the straight side of this curve. The plaintiff ordered the men "to clear the track, and get the motorcar off." The plaintiff then took a hammer and drove 4 or 5 spikes to complete the work of holding the rails in line where

the spikes had been pulled and the rails relined. The other men were removing the motorcar and tools from the track. The men removed the car from the track, but John Jones failed to remove the gauge. After driving these spikes, plaintiff stood up from "4 to 6 seconds." The train, running from 25 to 35 miles an hour, was fast approaching. During this 4 to 6 seconds plaintiff discovered that John Jones had not removed the gauge which was on the track at this curve, lying across it with the steel ends on the rails. The train was about 200 yards from him and the gauge from 30 to 40 feet. He ran along the outside of the track toward the gauge in the direction of the moving train, and when he reached the gauge he darted into the track, grabbed the gauge, and removed it, but before he could get off the engine struck him. The injuries of plaintiff were serious and painful, and probably permanent. It was a freight train, with 25 loaded cars. It was not necessary to drive the last 4 or 5 spikes driven by plaintiff to make it safe for the train to pass over this track, but to complete the work and put the track in good condition it was usual and necessary for them to be in place. As soon as the plaintiff approached the track as if to go on it, the engineer on the train used all means within his power to stop the train, but it was impossible to do so in time to keep from striking him. This was the tendency of some of the evidence in the case.

[1] This court, in Louisville & N. R. R. Co. v. Orr, 26 So. 42, 121 Ala. 500, approved and declared this principle:

"It is the settled doctrine in this connection, based upon the law's regard for human life, that when one risks his life and loses it in an effort to save the life of another, or to protect another who is exposed to a sudden peril, such risk and exposure for such a purpose is not negligence, unless the effort is made under such circumstances as to constitute recklessness and rashness in the judgment of a man of ordinary prudence; and it cannot be said to be a rash or reckless act if the appearances justified a belief that he could effect a rescue, even though he should also have reason to believe, and in fact did believe, that he might fail and receive grievous injury himself."

[2] Under this evidence and its tendencies, the jury could decide that plaintiff was not guilty of negligence or assumption of risk in going on this track in front of the train to remove the gauge. It was done to protect the lives of persons on this train. It was done in the interest of human life. They were exposed to sudden peril. This gauge, if it remained on this track at this stiff curve, would very probably derail the train and kill the crew. And under the evidence it was for the jury to decide whether or not it tends to show that his effort to remove the gauge under the circumstances would constitute recklessness and rashness in the judgment of a man of ordinary prudence. The train was 200 yards from him and the gauge was from 30 to 40 feet from him—making the train 210 to 213 yards from the gauge—when he ran, darted on the track, removed the gauge, and attempted to get off the track, but failed, before the train struck him.

[3] In 19 A. L. R. p. 13, note, we find the following text applicable to evidence in this cause, which is sustained by many authorities there cited:

"The proximate cause of injury to one who voluntarily interposes to save the lives of persons imperiled by the negligence of another is the negligence which caused the peril."

[4] The negligence which caused the peril was the negligence of John Jones in leaving this gauge on the rails of the track of this curve after plaintiff ordered him to clear the track for the train. This gauge was his tool; he placed it there, and it was his duty to remove it when the order was given by plaintiff to clear the track. John Jones' negligence in failing to remove this gauge was the proximate cause of the injury. But John Jones was a subemployé of defendant under plaintiff, subject to his orders and control. Still it was the primary duty of John Jones to remove the gauge when plaintiff gave the orders to clear the track for the approaching train and plaintiff bore to this duty only a secondary relation. The plaintiff had the right to assume that John Jones would do his duty, obey the orders, and remove the gauge from the track. This is sustained by this court in Davis v. Sorrell, 104 So. 400, 213 Ala. 194:

"The duty of the foreman was that of general supervision, as manifestly it would be impracticable that he personally see each actual operation of the various members of the crew, and upon giving Sorrell, the head brakeman, orders for this switching operation, we think he had a right to assume that Sorrell would do his duty. Pennsylvania R. Co. v. Goughnour, 208 F. 961, 126 C. C. A. 39. As to this switching operation, therefore, Sorrell's duty was primary, while the foreman bore to it a secondary relation."

[5, 6] It is insisted that plaintiff, being foreman of the crew of which Jones was a member, was guilty of negligence in failing to remove the gauge from the track. If so— which we do not decide—it was secondary and not primary. Jones was primarily responsible for it being left on the rails of the track. Jones' negligence was primary and the plaintiff's negligence, if any in that respect, could only be secondary. Davis v. Sorrell, 104 So. 400, 113 Ala. 191. But it must be remembered this action is under the federal Employers' Liability Act, and under it plaintiff's negligence contributing with Jones' negligence in producing the injury would be no bar to the action, but would only lessen the damages. Under this federal act, if the evidence showed the injury resulted in whole

or in part from the negligence of any of the agents or employés of the defendant, this would make out a cause of action. It is evident from the evidence that the jury could, with reason, conclude that the negligence of Jones, in leaving the gauge on the rails of the track, was the proximate cause of the injury in whole or at least in part. Federal Employers' Liability Act, supra, and authorities, supra. See, also, Davis v. Sorrell, supra.

[7] There is evidence tending to prove a right of recovery by the plaintiff in this case, and, when this is true, the court should not give the general affirmative charge with hypothesis in favor of the defendant, and this charge in this case was properly refused by the trial court. Brown v. Mobile Electric Co., 91 So. 802, 207 Ala. 61, headnote 8.

[8] The defendant asked the following written charge, which was refused by the court:

"(8) I charge you that, if you believe from the evidence it was plaintiff's duty to see that the track was clear of obstructions before inviting the train to pass and that he negligently failed to perform this duty, then you must find a verdict for the defendant."

For these, and probably other reasons, the court properly refused this charge. It fails to state that the negligence was the proximate cause of the injury, Maddox v. Chilton, 55 So. 93, 171 Ala. 216, headnote 6. It fails to state the negligence of plaintiff was the sole proximate cause of the injury. It fails to state if the injury was not in whole or in part proximately caused by the negligence of another servant or employé of the defendant. Federal Employers' Liability Act, supra, and authorities, supra.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.