## SEABOARD AIR LINE RY. CO. v. JOHN-SON. (3 Div. 782.)

Supreme Court of Alabama. Dec. 22, 1927.

Rehearing Denied Jan. 28, 1928.

1. **Master and servant** ⬡286(33)—**Negligence as to brakeman injured when attempting to stop car kicked onto siding, in disregard of signal, held for jury (Federal Employers' Liability Act [45 USCA §§ 51–59]).**

In brakeman's action against railroad under the Federal Employers' Liability Act (45 USCA §§ 51–59; U. S. Comp. St. §§ 8657–8665) for injuries resulting from attempt to board car kicked onto siding, in disregard of plaintiff's signal to shove, evidence as to negligence in ignoring such order to shove *held* sufficient for jury.

2. **Master and servant** ⬡180(1)—**Employer is liable, under federal law, for injuries from negligence of fellow servants (Federal Employers' Liability Act [45 USCA §§ 51–59]).**

Under the Federal Employers' Liability Act (45 USCA §§ 51–59; U. S. Comp. St. §§ 8657–8665), employer is liable for injury resulting in whole or in part from negligence of fellow servants.

3. **Master and servant** ⬡204(1)—**Assumption of risk under federal law is complete defense as distinguished from contributory negligence (Federal Employers' Liability Act [45 USCA §§ 51–59]).**

Under the Federal Employers' Liability Act (45 USCA §§ 51–59; U. S. Comp. St. §§ 8657–8665), assumption of risk is a complete defense as distinguished from contributory negligence, which goes only in mitigation of damages.

4. **Master and servant** ⬡204(1)—**Employee, under federal law, assumes risks incident to employment (Federal Employers' Liability Act [45 USCA §§ 51–59]).**

Under the Federal Employers' Liability Act (45 USCA §§ 51–59; U. S. Comp. St. §§ 8657–8665), the employee assumes risks incident to employment; natural hazards of dangerous service being assumed as matter of contract in some cases.

5. **Master and servant** ⬡204(1)—**Brakeman, under federal law, assumes risks involved in mounting moving cars in regular course of business (Federal Employers' Liability Act [45 USCA §§ 51–59]).**

Under the Federal Employers' Liability Act (45 USCA §§ 51–59; U. S. Comp. St. §§ 8657–8665), railroad brakeman assumes risk involved in voluntarily mounting moving detached cars in regular course of business.

6. **Master and servant** ⬡204(3)—**In case of hazard arising from negligence of fellow servants, employee does not assume risk, unless danger is obvious (Federal Employers' Liability Act [45 USCA §§ 51–59]).**

In case of hazard arising suddenly from negligence of fellow servants, employee does not assume risk under the Federal Employers'

Liability Act (45 USCA §§ 51–59; U. S. Comp. St. §§ 8657–8665), unless the danger is so obvious that all persons, in the exercise of ordinary care, would appreciate it, and decline to proceed under existing conditions.

7. **Negligence** ⬡74—**One coming to rescue of others in peril is not contributorily negligent, nor does he assume risk, unless reckless.**

Neither contributory negligence nor assumption of risk is charged to one who comes to rescue of others in peril without their fault, unless act of rescuer is manifestly rash and reckless to a man of ordinary prudence acting in emergency.

8. **Master and servant** ⬡289(38)—**Evidence, in brakeman's action for injuries in attempt to stop moving car to avert injury to men in caboose, held for jury (Federal Employers' Liability Act [45 USCA §§ 51–59]).**

In action under the Federal Employers' Liability Act (45 USCA §§ 51–59; U. S. Comp. St. §§ 8657–8665) by a brakeman for injuries resulting from attempt to board moving car, in order to avert injury to men in caboose on the same siding, evidence *held* sufficient for jury.

9. **Appeal and error** ⬡197(3)—**Refusal of affirmative charge for variance between complaint and proof cannot work reversal, unless called to court's attention by objection to evidence (circuit court rule 34).**

Under circuit court rule 34, a refusal of affirmative charge on ground of variance between complaint and proof cannot work a reversal, unless matter was called to court's attention by proper objection to evidence.

10. **Appeal and error** ⬡209(1)—**Failure of proof on point not involving substantive right of recovery must be called to trial court's attention (circuit court rule 35).**

Under circuit court rule 35, failure or omission of proof on point not involving substantive right of recovery must be called to attention of trial court.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by J. E. Johnson against the Seaboard Air Line Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Steiner, Crum & Weil, of Montgomery, for appellant.

The scintilla doctrine does not obtain in the federal courts. Small v. Lamborn, 267 U. S. 248, 45 S. Ct. 300, 69 L. Ed. 597. Plaintiff had the burden throughout showing a right to recover. C., M. & St. P. v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. Ed. 1041; I. C. R. Co. v. Johnston, 205 Ala. 1, 87 So. 866; Y. & M. V. v. Mullins, 249 U. S. 531, 39 S. Ct. 368, 63 L. Ed. 754. Plaintiff failed to prove by evidence of the kind and amount required by the federal courts that defendant was guilty of any negligence. Patton v. T. & P., 179 U. S. 658, 21 S. Ct. 275, 45

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

L. Ed. 361; C., M. & St. P. v. Coogan, supra; Clarke v. I. C. R. Co. (C. C. A.) 286 F. 915; Davis v. Schroeder (C. C. A.) 291 F. 47. The accident was solely and proximately caused by appellee's act, in that his foot slipped when he undertook to board the car. T. C. I. v. Moody, 192 Ala. 364, 68 So. 274, L. R. A. 1915E, 369; Karpeles v. City Delivery Co., 198 Ala. 449, 73 So. 642; A., T. & S. v. Swearingen, 239 U. S. 339, 36 S. Ct. 121, 60 L. Ed. 317; Davis v. Sorrell, 213 Ala. 191, 104 So. 397; Virginia Ry. v. Linkous (C. C. A.) 230 F. 88; Davis v. Kennedy, 266 U. S. 147, 45 S. Ct. 33, 69 L. Ed. 212; St. L., I. M. R. Co. v. McWhirter, 229 U. S. 265, 33 S. Ct. 858, 57 L. Ed. 1179. The risk was an obvious one, incident to his work, and was assumed by plaintiff. Briggs v. T. C. I., 163 Ala. 237, 50 So. 1025; Gulf, C. & S. F. R. v. Jackson (C. C. A.) 65 F. 48; T. & P. v. Minnick (C. C. A.) 57 F. 362; Jones v. Union Foundry, 171 Ala. 225, 55 So. 153; C. & O. v. Nixon, 271 U. S. 218, 46 S. Ct. 495, 70 L. Ed. 914; Gilmer v. Y. & M. V. (C. C. A.) 4 F.(2d) 963; Hunt v. Hurd (C. C. A.) 98 F. 683; Carr v. St. Clair, 131 Mich. 592, 92 N. W. 110; C., M. & St. P. v. Voelker (C. C. A.) 129 F. 522, 70 L. R. A. 264; Boldt v. Penna. R. Co., 245 U. S. 441, 38 S. Ct. 139, 62 L. Ed. 385. There was a failure of proof to support the averment that plaintiff's injuries were due to the negligence of an officer, agent, or employee whose name was unknown to the plaintiff. For this reason the affirmative charge should have been given for defendant. Southern Ry. Co. v. Cunningham, 112 Ala. 496, 20 So. 639; Birmingham Ry. v. City Stable, 119 Ala. 615, 24 So. 558, 72 Am. St. Rep. 955; Naugher v. L. & N., 206 Ala. 515, 91 So. 254; Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

Plaintiff gave the signal to "shove" the car, and it was "kicked." The kicking of the car was the joint act of the engineer and Betts, and required action on the part of both of them. Brown v. Erie R. Co. (C. C. A.) 176 F. 544; Pringle v. C., R. I. & P., 64 Iowa, 613, 21 N. W. 108; Texas R. Co. v. Higgins, 44 Tex. Civ. App. 523, 99 S. W. 200; Mark v. St. Paul R. Co., 32 Minn. 208, 20 N. W. 131; Howard v. St. Paul R. Co., 32 Minn. 214, 20 N. W. 93; McGuire v. Quincy R. Co., 128 Mo. App. 677, 107 S. W. 411. The accident was the proximate result of the defendant's negligence. C. & O. v. De Atley, 241 U. S. 310, 36 S. Ct. 564, 60 L. Ed. 1016; A. C. L. v. Jeffcoat, 214 Ala. 317, 107 So. 456; Id., 271 U. S. 688, 46 S. Ct. 639, 70 L. Ed. 1152. The plaintiff did not assume the risk of his injury; his conduct amounted, if anything, to contributory negligence. Schlemmer v. Buffalo, R. & P. R. Co., 205 U. S. 1, 27 S. Ct. 407, 51 L. Ed. 681; S. A. L. v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R.

A. 1915C, 1, Ann. Cas. 1915B, 475; L. & N. v. Morrill, 211 Ala. 39, 99 So. 297; Davis v. Sorrell, 213 Ala. 191, 104 So. 397; L. & N. v. Fleming, 194 Ala. 51, 69 So. 125; 1 Roberts Fed. Liab. Cor., 1006; 39 C. J. 684. In actions under the federal act, the doctrine of assumption of risk has no application until negligence of a fellow servant which could have been foreseen has been discovered. Reed v. Director Gen., 258 U. S. 92, 42 S. Ct. 191, 66 L. Ed. 480; L. & N. v. Fleming, supra; C. & O. v. De Atley, supra; C., R. I. & P. v. Ward, 252 U. S. 18, 40 S. Ct. 275, 64 L. Ed. 430; 1 Roberts, 993. Plaintiff acted in an emergency to prevent serious injury or death to other persons, and cannot be held to have assumed the risk unless his conduct amounted to recklessness or rashness. A. C. L. v. Jeffcoat, supra; L. & N. v. Orr, 121 Ala. 489, 26 So. 35; Gov't St. R. Co. v. Hanlon, 53 Ala. 77; 39 C. J. 689; Robinson Min. Co. v. Swiney, 206 Ala. 617, 91 So. 476. If there was a variance, it was not called to the attention of the trial court and can here take no advantage from it. Circuit court rules 34, 35, 4 Code 1923, pp. 906, 907.

BOULDIN, J. The action is for personal injuries under the Federal Employers' Liability Act (45 USCA §§ 51–59; U. S. Comp. St. §§ 8657–8665).

The pleas were the general issue, assumption of risk, and contributory negligence in mitigation of damages. Refusal of the affirmative charge requested by defendant is insisted upon as error to reverse.

The argument presents two grounds for this insistence: (1) Failure of proof of negligence of defendant or its employees as a proximate cause of the injury; (2) assumption of risk on the part of the plaintiff.

Admittedly, the case is governed by the Federal Employers' Liability Act.

The testimony of the plaintiff was the sole evidence of the details of the accident. Briefly it was to this effect:

The accident occurred in the switchyard of defendant railway company near Montgomery. Plaintiff was a brakeman in the switching crew, which consisted of the foreman, two brakemen, the engineer, and fireman. They were engaged in breaking up a freight train and switching the cars into the several sidetracks. The car being moved at the time was to go into siding No. 1. This siding, after leaving the lead track, crossed a public highway at grade. On the lower end of the switch track, about 1,000 feet below the public road crossing, was a caboose, in which trainmen were asleep. From a point at or near the road crossing toward this caboose the track had a slight down grade, such that a detached and uncontrolled loaded car passing over the crossing would move with accelerated speed, and come in collision with the caboose with such violence as to endanger the men there

asleep. The foreman was away on other duty. Plaintiff and the other brakeman, Betts, were the two ground men to direct the enginemen in moving the car. Betts was at the switch. Plaintiff was on the public road at such distance from the crossing as enabled him to signal the engineer. Betts, not in view of the engineer, gave his signals to the plaintiff, who repeated or passed them to the enginemen. In this instance, Betts gave the "come ahead" signal. This the plaintiff gave or repeated to the engineer, and followed it with the "shove" or "shove ahead" signal. The car was "kicked" into the siding. Plaintiff discovered the car was detached some 150 to 200 feet from the crossing, and ran some 270 feet to intercept the car, mount it, and set the brakes. He caught the car at the crossing, but in mounting the ladder his right foot slipped, his left foot went through the sill step, the wheel ran over it, crushing or cutting off parts of the toes on that foot, and, in trying to extricate himself, the right foot was caught under the wheel, and the toes cut off at the base.

Appellant's view that there was no negligence in "kicking" the detached car, rather than shoving it under the control of the engine, seems to proceed on this line:

That it was the regular custom to kick the cars under like conditions, the brakeman at the crossing to catch it and control its movement thereafter; that this was well known to plaintiff and others of the crew; that Betts, the other brakeman, had the duty to ascertain into which switch the car was to go, line up the switch accordingly, and give a signal when ready; that, before giving a signal, he was expected to uncouple the car so that it could be kicked in the usual way, and being so uncoupled without negligence on his part, the engineer could not shove the car, and he was without negligence in shunting the car as he did. The general custom of kicking cars, known to, and participated in by, plaintiff, was clearly shown in plaintiff's testimony. That the car was detached before signals given, and that the engineer was not in position to execute the order to "shove," rest upon inferences drawn by appellant.

In dealing with these inferences, some other facts need be noted. By a rule of the company, it was the duty of the trainmen during switching operations to guard this public road crossing. This duty at the time devolved on plaintiff. Another rule required brakes set up on the cars when placed in the siding. This duty was on plaintiff.

The duties of plaintiff at the moment seem to have been these: To guard the crossing, to give signals, to stop the moving car at proper place on the siding, to set up brakes, and to conserve the safety of the men in the caboose.

Appellant correctly, we think, takes the position that plaintiff had the primary duty to direct the movement of this car. If so, the other men were subject to his orders or signals in so doing, and had the duty to watch for, and observe, his signals after Betts had signalled him that all was ready at the switch. Each participated in the movement of the car so far as his duties extended. Davis v. Sorrell, 213 Ala. 191, 104 So. 397.

All the crew knew of the position of the caboose. They had "shoved" it in a short time before. Betts knew all the facts suggesting caution in the movement of the car. If we assume that he, without negligence, expected the car to be kicked, and to this end uncoupled it before giving the signal to plaintiff, it would still become his duty, knowing the movement was under the control of plaintiff in the protection of the crossing and the men in the caboose, to take note of the signal to shove, and pass such signals, if need be, as were required to recouple the car, and execute the order to shove.

If the engineer, as argued, did not know the car was to go into track No. 1, we do not conceive this to justify ignoring the signal to shove. The order to shove was notice enough of the occasion therefor.

It would be a dangerous rule of law to make the duty to obey orders coming from a proper source turn on whether the occasion or necessity of the order was known to the party to whom it is given. Nor would the engineer's assumption or knowledge that the car was uncoupled and not in position to be controlled by the engine warrant the kicking of the car in violation of order.

Such condition might suggest delay in movement for such time as needed to recouple. If we assume Betts had no duty to note the further signal from plaintiff to the enginemen, still, if the engineer had proceeded to shove the car, a movement markedly different from that of "kicking," it is a fair inference that Betts would, in the discharge of his duty, have become promptly advised of the need to recouple the car, and charged with the duty to take proper steps to that end.

[1] In any view of the evidence, we must conclude there was negligence in ignoring the order to shove, and in kicking the car under the conditions shown by uncontroverted evidence. A causal connection between this negligence and plaintiff's injury may be placed upon two grounds: It imposed a greater hazard on plaintiff to catch the car at a run, the more difficult because he had no occasion to start until he discovered the car was being "kicked" and on its way to the crossing. It created the necessity to mount the moving car at all, a risk plaintiff had declined to assume in the face of peril to the men in the caboose.

[2, 3] Unless there was an assumption of risk, plaintiff was entitled to recover. Under the Federal Employers' Liability Act, the employer is liable for injury resulting in whole or in part from the negligence of fellow servants. Contributory negligence goes in mitigation of damages. Assumption of risk, as dis-

tinguished from contributory negligence, is a complete defense.

[4] Under the decisions of the Supreme Court of the United States, the final authority, the employee assumes the risks incident to the employment. The natural hazards of a dangerous service are in some cases said to be assumed as a matter of contract upon entering into the service.

There are cases in which the employee assumes the risk resulting from negligence of the employer or fellow servant. Among these are cases of known and established custom of conducting operations in an unsafe or negligent manner, long acquiescence in the use of an unsafe place of labor, or in the voluntary use of defective tools and appliances. A statutory exception is made where the danger arises from violation of statutes enacted by Congress for the safety of employees.

[5] Under these rules, whatever risk was involved in voluntarily mounting moving detached cars in the regular course of business on this yard would be assumed by the employee. Gilmer v. Y. & M. V. R. Co. (C. C. A. 5) 4 F.(2d) 963; Butler v. Frazee, 211 U. S. 466, 29 S. Ct. 136, 53 L. Ed. 281; Seaboard Air Line v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Southern Pacific Co. v. Berkshire, 254 U. S. 45, 41 S. Ct. 162, 65 L. Ed. 335; Pryor v. Williams, 254 U. S. 43, 41 S. Ct. 36, 65 L. Ed. 120; Jacobs v. Southern R. Co., 241 U. S. 229, 36 S. Ct. 588, 60 L. Ed. 970.

[6] But this case involves an element of hazard arising suddenly from the negligence of fellow servants. In general, the rule in such case seems to be, there is no assumption of risk, unless the danger is so obvious that all persons, in the exercise of ordinary care, would appreciate it, and decline to proceed in the face of it under existing conditions. Chesapeake & O. R. Co. v. De Atley, 241 U. S. 310, 36 S. Ct. 564, 60 L. Ed. 1016; Chesapeake & O. R. Co. v. Proffitt, 241 U. S. 462, 36 S. Ct. 620, 60 L. Ed. 1102; Reed v. Director General, 258 U. S. 92, 42 S. Ct. 191, 66 L. Ed. 480; Pryor v. Williams, 254 U. S. 43, 41 S. Ct. 36, 65 L. Ed. 120; Erie R. R. Co. v. Purucker, 244 U. S. 320, 37 S. Ct. 629, 61 L. Ed. 1166; L. & N. R. Co. v. Morrill, 211 Ala. 39, 99 So. 297.

[7] But still another rule intervenes here. Neither contributory negligence nor assumption of risk is charged to him who comes to the rescue of others in peril without their fault, unless the act of the rescuer is manifestly rash and reckless to a man of ordinary prudence acting in emergency. Atlantic Coast Line R. Co. v. Jeffcoat, 214 Ala. 317, 107 So. 456; Atlantic Coast Line v. Russell, 215 Ala. 600, 111 So. 753. One cannot be said to act rashly or recklessly in such case, if the element of danger to himself is less imminent than that of his fellow servants he is charged with the duty of protecting.

[8] Nothing in the testimony warrants a finding that the danger to plaintiff was so grave and manifest as to characterize as rash and reckless his effort to relieve the unquestioned peril of the men in the caboose. Attention is called to the testimony of plaintiff to the effect that, under the circumstances, he would have endeavored to stop the car, if the caboose had not been on the siding. This is not saying the fact of peril to the fellow servants was not an inducing motive at the time. On the contrary, his testimony goes direct to the effect that such known peril prompted the giving of the shove signal, and, when disobeyed, the urge of the situation was an inducing cause of his effort to stop the car. His statement of what he would have done under other conditions amounted to no more than a statement that in such event he would have esteemed it his duty to make the effort to stop the car running uncontrolled down the side track. Whether so doing would be so obviously dangerous as to involve an assumption of risk is a moot question in this case.

Under the evidence for plaintiff, unchallenged in any material respect, he was entitled to recover. The court submitted it to the jury solely on the doctrine of the Jeffcoat Case, supra. For this appellant cannot complain.

[9, 10] If there was a variance between the complaint and proof touching the averment that the negligence agent was unknown to plaintiff, a refusal of the affirmative charge cannot work a reversal, unless the matter was called to the attention of the trial court by proper objection to the evidence. Circuit court rule 34. If a failure or omission of proof on that point, it did not involve the "substantive right of recovery," and must have been called to the attention of the trial court. Circuit court rule 35.

What is said sufficiently indicates there was no error to reverse in the several charges and instructions presented for review. We deem unnecessary a discussion in detail. The same may be said as to matters presented on motion for a new trial.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.